7179

## TURNER v. BOLTON.

OPENING JUDGMENTS.—Where suit is brought against husband and wife on breach of contract, copies for both having been handed by the officer to the husband who was then sick, who handed them to his wife, requesting her to lay them away and he would examine them when he felt better, but died soon after without doing so, the wife not knowing the contents of the papers or that she was sued and not having examined them, after judgment by default it may be opened on her motion on ground of excusable neglect and she be permitted to defend.

Before DEVORE, J., Edgefield, September, 1908. Affirmed.

Motion to open default judgment by Annie H. Bolton in case of M. Toney Turner against W. L. Bolton and Annie H. Bolton. From order granting motion, plaintiff appeals.

*Messrs. N. G. Evans* and *Edwin H. Folk,* for appellant, cite: Code of Proc., 155; 15 Ency. P. & P., 283; 29 Cal., 423; 99 N. C., 400; 111 N. C., 248; 112 N. C., 772.

*Mr. J. Wm. Thurmond,* contra cites: Code of Proc., 195; 53 S. C., 222; 56 S. C., 21; 62 S. C., 506.

April 28, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This action was brought against W. L. Bolton and his wife, the defendant, Annie H. Bolton, for $500 damages for breach of contract.

The defendants failed to demur or answer, and the plaintiff proved his case in open Court, at the Spring term, 1908, of the Circuit Court for Edgefield, and obtained a verdict for the full amount claimed, upon which judgment was entered and execution issued. After levy by the sheriff, the defendant, Annie H. Bolton, moved the Court, on affidavits, at the summer term, 1908, to set aside the judgment and allow her to answer. Her motion was granted, and the plaintiff appealed. The exceptions charge error in the findings and conclusions of the Circuit Court, and abuse of discretion.

Numerous affidavits were submitted in support of the motion and in opposition thereto. For the consideration of the appeal, it will be necessary to state, in substance, only the undisputed facts, as found by the Circuit Court, as they appear in the affidavits submitted, and the contentions of the parties upon the points involved in the motion.

On February 8, 1908, copies of the summons and complaint for each of the defendants were delivered by the deputy sheriff to W. L. Bolton, at his residence. At that time,

he was sick, suffering from nervous indigestion, from which he afterwards, on April 8, 1908, died. He went to the door and received the papers, and went back to his room and handed them to his wife, and told her to put them up, and when he got well enough he would examine them. He told her nothing as to the nature of the papers. She did not examine them, but, in obedience to his instructions, put them in a trunk, where they remained, until after his death. She knew nothing of the nature of the papers, or that either of them was intended for her, or that it was intended thereby to institute suit against her or her husband. She did not know that she had been sued, until April 11, 1908, when the sheriff went to her residence to levy the execution. She is a woman of limited education, and had had no experience in legal matters. At the time of the service, she was greatly distressed on account of the condition of her husband.

The respondent also submitted affidavits tending to show that, at the time of the service, and for some time prior thereto and thereafter, until the time of his death, her husband's mind had become affected, so that he was *non compos mentis,* and also that she had a good defense to the action on the merits. Upon the last two grounds there was conflicting evidence.

The Circuit Court found against her contention as to the condition of her husband's mind, but held, under the undisputed facts and circumstances above stated, as to the service and the manner thereof, and the conditions then existing, that she was entitled to the relief prayed for.

Section 195 of the Code of Procedure gives the Circuit Court power, "in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, to relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect. * * *"

This Court has frequently held that it will not review the findings of fact in the Circuit Court in cases like this, and

that the granting or refusing of motions made under section 195 of the Code is within the discretion of the Circuit Court, and that it will not interfere with the exercise of that discretion, unless it is made to appear that it has been abused. See *Mfg. Co.* v. *Smith,* 70 S. C., 160, 49 S. E., 226; *Dunton* v. *Harper,* 64 S. C., 338, 42 S. E., 153, and cases cited by the Court.

The appellant contends that from the finding of fact that W. L. Bolton was of sound mind, it necessarily followed that the service was legal and valid; and also, from the respondent's own showing, as to the condition of her husband's mind, it necessarily followed that she was, under the circumstances, guilty of negligence. Admitting both contentions, it does not follow that she was not entitled to relief.

Clearly, it was not the intention of the Legislature to limit relief to cases where the service was bad or defective; nor was it intended to confine the relief to cases where the parties had exercised proper diligence, for one of the grounds of relief mentioned in the statute is "excusable neglect." So that the question is not so much whether the party was negligent, but whether his negligence was "excusable."

In this case, the Circuit Court finds, as a fact, that the respondent was not guilty of negligence at all; but, on the contrary, finds that, under the circumstances, her conduct was natural, that is, that of an ordinarily prudent person.

The order appealed from is, therefore, affirmed.