## First National Bank of Winslow *v.* Stilwell.

[No. 7,895.    Filed April 18, 1912.]

1. JUDGMENT.—*Default.—Complaint to Set Aside.—Meritorious Defense.*—In a complaint by a married woman, under §405 Burns 1908, §396 R. S. 1881, to set aside a personal judgment taken by default against her in an action on a promissory note and to foreclose a mortgage to secure its payment, the averments that she executed the note and mortgage as surety for her husband, that she received no part of the consideration therefor and that no part thereof went to the betterment of her separate estate, show a meritorious defense that would have prevented the rendition of such judgment against her.    p. 228.

2. JUDGMENT.—*Setting Aside.—Excusable Neglect.*—The term "excusable neglect" as used in §405 Burns 1908, §396 R. S. 1881, providing that a party may be relieved from a judgment taken against him through his excusable neglect, is one of general application, and a determination of what constitutes excusable neglect must depend on the particular facts and circumstances of each case.    p. 231.

3. JUDGMENT.—*Default.—Complaint to Set Aside.—Sufficiency.— Excusable Neglect.*—Where a personal judgment had been taken by default against a married woman in an action on a note and to foreclose a mortgage to secure its payment, her complaint for relief therefrom under §405 Burns 1908, §396 R. S. 1881, alleging that she had no knowledge of signing the note for the reason that her signature had been obtained by the fraud of her husband, that she signed the mortgage as surety for her husband at his request, without reading it and without any knowledge that it contained a covenant requiring her to pay the sum secured thereby, that subsequently to its execution an attorney had examined the recorded mortgage at her request and advised her that she could not be held personally responsible thereon, that after summons was served she consulted another attorney and was by him advised that no judgment could be rendered against her in the foreclosure suit which could become a lien on her individual property, was sufficient to show excusable neglect in failing to defend in the foreclosure proceeding.    p. 231.

4. JUDGMENT.—*Application for Relief.—Excusable Neglect.—Sufficiency of Showing.—Rule.*—Where there is doubt as to the sufficiency of the showing of excusable neglect in an application for a relief from a judgment, it is better as a general rule to resolve the doubt in favor of the application. p. 232.

5. STATUTES.—*Opening and Vacating Judgments.—Construction.*— A statute providing for the opening or vacation of judgments is remedial in its nature and should be liberally construed. p. 232.

6. JUDGMENT.—*Default.—Setting Aside.—Discretion of Court.— Appeal.*—A trial court is vested with a certain discretion in setting aside defaults, and courts of appeal are reluctant to disturb its action where such relief has been granted. p. 232.

7. JUDGMENT. — *Setting Aside Default. — Appeal.—Review.*—The judgment setting aside a default will not be reversed where there is nothing disclosed by the record showing that the substantial rights of the appellant were prejudiced thereby. p. 233.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by Alice Stilwell against the First National Bank of Winslow. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*E. A. Ely,* and *Frank Ely,* for appellant.

*J. W. Wilson* and *J. W. Brumfield,* for appellee.

LAIRY, J.—On February 3, 1909, the First National Bank of Winslow, brought an action in the circuit court of Pike county, Indiana, against John W. Stilwell and Alice Stilwell, on a promissory note alleged to have been executed by them, and also to foreclose a certain mortgage to secure its payment. Notice by publication was given to John W. Stilwell, he being a nonresident of the State, and a summons was personally served on Alice Stilwell. Both of the defendants defaulted, and on May 1, 1909, a judgment for $2,900.78 was rendered against them on the note, and also a decree entered foreclosing the mortgage as against both defendants, and ordering the mortgaged property to be sold to satisfy said judgment. The property covered by the mortgage was sold on the decree of foreclosure for the sum of $1,900, leaving a balance of $1,000.78 and accrued costs, which is a lien on the separate property of Alice Stilwell.

On July 15, 1909, Alice Stilwell filed in the Pike Circuit Court a complaint in two paragraphs against appellant, seeking, under the provisions of §405 Burns 1908, §396 R. S. 1881, to be relieved from the personal judgment entered against her on May 1, 1909, and asking that said default and judgment be set aside as to her, and that she be permitted to defend. Appellant filed a demurrer to each of said paragraphs of complaint for want of sufficient facts, which demurrer was sustained as to the second paragraph and overruled as to the first. Appellant filed an answer in general denial to the first paragraph, and a trial resulted in a finding and judgment in favor of appellee setting aside said judgment as to her and permitting her to defend. From this judgment this appeal is prosecuted, and the only error assigned is the action of the trial court in overruling appellant's demurrer to the first paragraph of complaint.

The averments of this paragraph of complaint show that appellant, a married woman, executed the note and mortgage on which the judgment in question was rendered,

1. as surety for her husband, John W. Stilwell, and that she received no part of the consideration, and that no part thereof went to the betterment of her separate estate. It thus appears that she had a good and meritorious defense which would have prevented the rendition of any personal judgment against her on the note or mortgage in case such defense had been interposed. This is not controverted, but it is claimed, on behalf of appellant, that the facts averred do not show that the judgment was taken against appellee through her mistake, inadvertence, surprise or excusable neglect, within the meaning of our statute permitting judgments to be set aside on such grounds.

As bearing on the question of mistake, inadvertence and excusable neglect, the complaint avers, in substance, that at the time of the execution of the mortgage in question appellee was the wife of John W. Stilwell, who was at that time president of appellant bank; that her husband had been

and was at the time of the execution of said mortgage extensively engaged in dealing in real estate, and that appellee, as his wife, had frequently signed written instruments at his request in the course of such dealings; that she fully trusted her husband, and when requested by him to sign any instrument she always complied with such request, and signed as directed; that the mortgage given to appellant was the first that appellant had executed in connection with her husband, and when it was presented to her for her signature she signed as she believed in two places as indicated by her husband; that she had no knowledge of signing the note which the mortgage was given to secure, and if she did sign it it was so folded in with the mortgage as to lead her to believe that her signature was affixed to the mortgage, and that she never knew that her signature was affixed to the note, or that she was personally liable thereon, until after the personal judgment against her was taken in favor of appellant; that her husband at that time was president of the First National Bank of Winslow, and that it was a part of his business to examine all securities presented to the bank for money, and pass upon the same; that said bank through its president had full knowledge of all of the facts relating to the manner in which her signature to said note had been obtained, and, with such knowledge, accepted the note and mortgage, and paid to her husband the entire proceeds thereof, for his own use and benefit; that after the execution of the mortgage, her husband, without her knowledge, deeded the mortgaged property to her, and then deserted her and went in company with another woman to a distant state.

The complaint further shows that after her husband had abandoned appellee, and before the suit was filed to foreclose the mortgage, she applied to an attorney, named in the complaint, for advice on the question of her personal liability on said mortgage; that said attorney examined the mortgage, and advised her that she was not personally liable

thereon; that after suit was brought and summons served on her she consulted another attorney, residing at Oakland City, as to whether she could be held personally on a mortgage executed by her husband in which she had joined, and whether any personal judgment could be rendered against her on such a mortgage which would become a lien on her individual property, and was informed that no such judgment could be taken against her.

The complaint further avers that at the time summons was served on appellee in the suit to foreclose the mortgage, she did not know that she had signed the note which it was given to secure, and believed that she was made a party solely because of the fact that she had signed the mortgage and was the owner of the land covered thereby; that she had no defense which she could make against the foreclosure, and that she relied on the advice given her by her attorneys to the effect that no personal judgment could be taken against her, and for that reason she did not appear to defend said suit, but suffered the judgment to go by default; that she was not informed until about July 1, 1909, that a personal judgment had been rendered against her on said note, and that she immediately thereafter employed attorneys to institute this proceeding.

The mortgage is set out as a part of the complaint, and it contains a personal convenant on the part of the mortgagors to pay the sum of money secured thereby, without relief from valuation or appraisement laws.

The demurrer admits the truth of all facts well pleaded, and we are called on to decide whether the facts alleged show such a case of mistake or excusable neglect as justified the trial court in the exercise of its discretion, in granting appellee relief by setting aside the judgment and permitting her to make her defense.

The term "excusable neglect" is one of very general application. No rule can be fixed by which to determine in

all cases whether the neglect is excusable, or whether
2. the proper degree of diligence has been exercised.
Each case must depend on its own particular facts
and circumstances, and can seldom serve as a precedent for
another case depending on different facts. 1 Works' Practice §462; *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind.
App. 175, 181, 57 N. E. 148.

As disclosed by the facts pleaded, appellee had no knowledge at the time default was taken and judgment entered
that she had incurred any personal liability on
3. either the note or mortgage. She did not know that
she had signed the note, for the reason that her
signature thereto was obtained by fraud, as stated in her
complaint, and she did not know that the mortgage contained a covenant requiring her to pay the sum of money
secured thereby, for the reason that she signed the mortgage at the request of her husband, without reading it. If
she had been dealing with a person to whom she sustained
no relation of trust and confidence, it might have been
inexcusable neglect for her to sign the mortgage without
reading it, but where the wife relies on the honesty and good
faith of her husband, whose most sacred duty is to protect
her and care for her interests, and is thereby misled, it
ought not to be said that her failure to scrutinize a paper
which she signs at his request constitutes such inexcusable
neglect on her part as will preclude the court from granting
relief. Her mistake was one of fact, and not of law. She
had, in fact, signed the note, but she believed that
she had not done so. The mortgage in fact contained
a personal agreement on the part of the mortgagors to pay
the debt secured thereby, but of this fact she was ignorant.
If she had known that her name appeared on the note as
a maker, or that the mortgage which she had signed contained her personal agreement to pay the debt thereby secured, and if she had been ignorant of her legal right under

such circumstances, or mistaken as to her remedy, such a mistake would have been one of law.

When appellee was served with summons in the foreclosure suit, she was not altogether indifferent. Prior to that time a lawyer had examined the recorded mortgage at her request, and had advised her that she could not be held personally responsible thereon. After the summons was served, she consulted another lawyer, and stated the facts as she understood them, and was again advised that no personal judgment could be rendered against her in the foreclosure suit which could become a lien on her individual property. It is true that she might have been more diligent at this time. If an attorney had been employed to appear for her, an examination of the complaint would have disclosed to him that a personal judgment against her could be rendered thereon in the absence of a defense on her part. However, in view of her misunderstanding of the facts, as disclosed by the averments of the complaint, we think there was some excuse for her failure to take this precaution. This case is near the border line; but,

4. in case of doubt as to the sufficiency of the showing of excusable neglect, it is better, as a general rule, to resolve the doubt in favor of the application, and grant relief. *Watson* v. *San Francisco, etc., R. Co.* (1871), 41 Cal. 17; *Masten* v. *Indiana Car, etc., Co., supra.*

It is the policy of courts to dispose of cases on their merits, and a statute providing for the opening or

5. vacation of judgments, being remedial in its nature, should be liberally construed. The trial court held the complaint sufficient, and after a hearing set aside the judgment. Trial courts are vested with a certain

6. discretion in such cases, and an examination of the authorities shows that courts of appeal are very reluctant to disturb the action of the trial court in setting aside a default and permitting a trial on the merits. Elliott,

Gen. Prac. §1032; *Winer* v. *Mast* (1896), 146 Ind. 177, 45 N. E. 66; *Masten* v. *Indiana Car, etc., Co., supra.*

There is nothing disclosed by the record to show that the substantial rights of appellant were in anyway prejudiced by the action of the trial court in setting aside the default and permitting appellee to defend.

The application was seasonably made, and a trial on the merits would not be thereby unreasonably delayed. If on the trial appellee fails to establish her defense, appellant is not harmed. On the other hand, if such defense is established, it will not be deprived of any right to which it is entitled under the law. The trial court did not abuse its discretion.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 151. See, also, under (1) 23 Cyc. 949; (2, 3) 23 Cyc. 935; (4) 23 Cyc. 896; (5) 36 Cyc. 1173; (6, 7) 23 Cyc. 895. As to judgments by default against married women, see 134 Am. St. 940.