[Crim. No. 8274. In Bank. Mar. 30, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. MELVIN
KREBS, Defendant and Appellant.

Frank C. Morales, under appointment by the Supreme
Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and Gordon Ringer, Deputy At-
torney General, for Plaintiff and Respondent.

PETERS, J.—Defendant seeks relief from his default in
failing to file his notice of appeal in a criminal case within the

10-day limit specified by rule 31(a) of the California Rules of Court. That rule provides for relief from default in a proper case. ■ In determining whether such relief should be granted it is now settled law that the rule should be liberally construed to protect the right of appeal where reasonably possible, and to that end doubts should be resolved in favor of the defendant. (See review of cases in *People* v. *Curry, ante,* p. 207 [42 Cal.Rptr. 17, 397 P.2d 1009]; see also *In re Notz, ante,* p. 423 [42 Cal.Rptr. 321, 398 P.2d 593].) ■ It is also settled that, absent grounds of waiver or estoppel, the defendant is entitled to relief where he requests his trial counsel, within the 10-day period, to appeal, and the attorney does not do so, even though the attorney makes no express promise to appeal. (*People* v. *Curry, supra, ante,* p. 207.)

■ This is such a case. The referee appointed by this court to ascertain the facts, the Honorable Thomas P. White, Retired Associate Justice of the California Supreme Court, on competent and sufficient evidence found that defendant requested his counsel to appeal, and that counsel by his actions led defendant reasonably to believe that a notice of appeal would be filed. The referee has recommended that relief be granted. With commendable fairness the deputy attorney general representing the interests of the state concedes that the findings are supported, and that under the rule of the *Curry* case, *supra,* defendant is entitled to relief. The basic findings are not only supported but are based on practically uncontradicted testimony. They are adopted as the findings of this court.

In view of the concession of the deputy attorney general the facts need not be set forth at any length. Defendant was convicted of a felony in San Bernardino County. When the jury returned its verdict, and later when defendant was sentenced, he clearly announced to his trial counsel that he desired to appeal. Although counsel did not expressly promise to appeal, by his actions he reasonably led defendant to believe a notice of appeal would be filed. The correspondence between defendant and his counsel and between defendant and the courts, all within the 10-day period, clearly indicates defendant believed that such a notice of appeal would be or had been filed. Upon learning that the notice of appeal had not been filed this petition for relief was filed shortly after the 10-day period had elapsed. There is no basis for a waiver or estoppel, and none is urged. Under such circumstances relief should be granted.

Defendant's application for relief under rule 31(a) is granted. The Clerk of the Superior Court of San Bernardino County is directed to file the notice of appeal that was tendered to him, and to proceed with the preparation of the record on appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.