Henry Wheeler **HOLLEY**, Appellant,

v.

Erma E. **CHEUVRONT** et al., Appellees.

No. 20177.

United States Court of Appeals
Ninth Circuit.

Oct. 26, 1965.

Henry W. Holley, Los Padres, Cal., in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Wm. E. James, Asst. Atty. Gen. of Cal., Wm. L. Zessar, Deputy Atty. Gen. of Cal., Los Angeles, Cal., for appellees.

Before KOELSCH and ELY, Circuit Judges, and BEEKS, District Judge.

ELY, Circuit Judge.

In a California state court, appellant pleaded guilty to a charge of manslaughter. Following imposition of a sentence of confinement, he sought to appeal from the judgment of conviction. His Notice of Appeal was not submitted within the time required by California rules; hence, the clerk rejected it. At the same time, appellant was informed as to how he might seek relief from his default.

Subsequently, appellant moved the state court to vacate the judgment. This motion to vacate was denied, and again, a Notice of Appeal was filed after the time limit of ten days had expired. See Cal. Ct.R. 31(a). On this occasion also, the state court clerk informed appellant as to state procedure for relief from the default of untimely notice.

Appellant, not choosing to proceed further in the California courts, filed his petition for writ of habeas corpus in the court below. As respondents, he named the clerk who refused to accept his second untimely Notice of Appeal and the warden of the state prison in which he is confined.

The District Court dismissed the petition insofar as it sought relief against the respondent clerk and denied it as to the respondent warden. The dispositions were correct.

■ The clerk has no custodial powers over the appellant, and against her, there was clear misdirection of the petition for writ of habeas corpus. See Jones v. Cunningham, 371 U.S. 236, 241, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). In his Reply Brief, appellant concedes that this is true.

■ While the warden was a proper party respondent, the District Court's ruling was also proper as to him. It does not appear that appellant has sought relief in the District Court of Appeal, California's intermediate appellate court, or in the Supreme Court of California. The

616

latter has granted relief from late filings of notices of appeal. E. g., People v. Krebs, 62 Cal.2d 584, 43 Cal.Rptr. 331, 400 P.2d 323 (1965); People v. Curry, 62 Cal.2d 207, 42 Cal.Rptr. 17, 397 P.2d 1009 (1965). Furthermore, the California appellate courts are vested with jurisdiction to entertain applications for writs of habeas corpus. Calif.Const. art. VI, §§ 4, 4b.

 A state prisoner may not bypass state courts which have the first duty to determine his rights. He must have exhausted all practicable state court remedies before he becomes entitled to federal court consideration of his claims. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Pate v. Wilson, 348 F.2d 900 (9th Cir. 1965). Here, the appellant has made no showing of such exhaustion.

Affirmed.