[No. 44182. En Banc. April 14, 1977.]

THE CITY OF GOLDENDALE, *Appellant,* v. FRANK J.
GRAVES, *Respondent.*

418

*A. J. Losee, City Attorney,* and *Roger W. Boardman, Assistant* (of *Losee & Boardman*), for appellant.

*Perry J. Robinson,* for respondent.

HOROWITZ, J.—This case involves the construction and application of JCrR 6.01, 6.03, and 10.01, of the Justice Court Criminal Rules. The question specifically presented

is whether the 20–day time requirement for noting a case for trial imposed by JCrR 6.01(e)[1] is mandatory, requiring the dismissal of an appeal for noncompliance pursuant to JCrR 6.03(b).[2]

Defendant Frank Graves on May 8, 1974, was convicted in the Klickitat County District Court of driving while under the influence of liquor or drugs and speeding. There-after, on May 17, defendant timely filed his notice of appeal to the Superior Court and posted a $500 appeal bond. On that same day the clerk of the district court timely forwarded the transcript of the district court proceeding to the Superior Court for filing. JCrR 6.01(c). The transcript was filed May 17. The last day for timely filing of a note for trial was June 6, 1974.

On May 20 the district court sent a letter to defendant's attorney dated May 17, notifying him the transcript had been sent to the Superior Court. The letter was duly received by the defendant's attorney's office. However, the attorney's clerk inadvertently filed the letter without bringing it to the attention of defendant's attorney. On June 7, the attorney wrote the clerk of the municipal court inquiring when the transcript had been filed. On June 7, the Superior Court clerk filed a motion for dismissal of the appeal for want of prosecution. On June 10, the attorney received notice from the court clerk calling attention to the

---

[1] "(e) **Noting for Trial.** Within 20 days after the transcript is filed, appellant shall note the case for trial and otherwise diligently prosecute the appeal."

[2] "(b) **Dismissal for Want of Prosecution.** Where the cause has not been noted for trial within 20 days after filing of the transcript, the superior court clerk shall forthwith note the appeal for dismissal for want of prosecution. If, after a hearing, it is determined that appellant has not met time requirements, the cause shall be dismissed. Upon dismissal of the appeal for failure of appellant to proceed diligently with the appeal as herein required, or for any other cause the judgment of the lower court shall be enforced by the judge thereof. If, at the time of such dismissal, cash deposit or appeal bond as hereinafter required has been furnished and is in the custody of the superior court, the same shall be returned to the lower court. The lower court shall have power to forfeit the cash bail or appeal bond and issue execution thereon for breach of any condition under which it is furnished."

clerk's letter of May 17. Defendant's attorney on June 11, 1974, noted the case for trial in the Superior Court and received a trial date for July 16, 1974.

The Superior Court Judge on June 18, 1974, wrote defendant's attorney to disregard the trial setting and to appear before him on June 26 for a hearing on whether defendant's appeal should be dismissed for want of prosecution. The defendant appeared and filed an affidavit, which is uncontroverted, explaining the circumstances above described for the late filing of the note for trial.

The Superior Court after the hearing on the date stated, entered an order dated June 26, 1974, dismissing defendant's appeal. The order of remand explains the appeal is dismissed "for want of timely prosecution." Defendant then appealed to the Court of Appeals, Division Three, which in a 2–to–1 decision reversed the Superior Court's order dismissing defendant's appeal. *Goldendale v. Graves,* 14 Wn. App. 925, 546 P.2d 462 (1976). After denial of the City's petition for rehearing, the City appealed to this court.

The City contends compliance with the 20–day provision in JCrR 6.01(e) is mandatory and the circumstances leading to the delay in the filing by the defendant of his note for trial setting do not excuse noncompliance. Defendant also contends his notice of trial setting was timely. He argues (1) the procedures of JCrR 6.03(c)[3] must be followed before the latter subsection on which the Superior Court apparently relied, becomes applicable; and (2) the steps required by JCrR 6.01 to take and perfect the appeal cover a period of 40 days, namely, 10 days after entry of judgment for taking the appeal; 10 days for filing the transcript and 20 days thereafter for noting a case for trial in the superior court. Defendant points out he noted the case for trial well within the 40–day period contemplated by JCrR 6.01.

---

[3]"(c) **Dismissal on Clerk's Motion.** In all justice court appeals wherein there has been no action of record during the ninety days just past, the clerk of the superior court shall mail notice to the appellant and counsel at the addresses contained in the notice of appeal that such appeal will be dismissed by the court

In our view, the controlling rule dispositive of this case is JCrR 10.01, later discussed, rather than JCrR 6.03(c) and (b) relied on. Nevertheless, some comment should be made in view of the reliance of counsel upon JCrR 6.03(b) and (c) in relation to JCrR 6.01(e).

▮ JCrR 6.03(b) and (c) and relationship of each to the other in determining the order in which relief is to be obtained is not altogether clear and may be somewhat puzzling with respect to the procedures to be followed. If the procedures of subdivision (c) must be used before subdivision (b) becomes applicable, the delay in noting the case for trial would not violate any provision of JCrR 6.01(e). However, a close examination of the relationship between the two subdivisions of the rule shows they can be harmonized. JCrR 6.03(b) deals solely with dismissal for want of prosecution in a case that has not been noted for trial within 20 days after the filing of the transcript. That subdivision does not deal with the problem of diligent prosecution to the extent dealt with in JCrR 6.01(e).

JCrR 6.01(e) not only requires a noting for trial within 20 days after the filing of the transcript but also requires the defendant "otherwise diligently prosecute the appeal." Accordingly, JCrR 6.03(c) deals with the latter requirement not dealt with in JCrR 6.03(b). Under JCrR 6.03(c) provision is made for determining whether due diligence has been shown in the prosecution of the appeal. Subdivision (c) applies "wherein there has been no action of record during the ninety days just past . . ." In such a case, the superior court clerk mails to counsel for the respective parties at the addresses contained in the notice of appeal, notice the appeal will be dismissed by the court for want of prosecution unless within 30 days following such mailing, "action of record is made for an application in writing to the court and good cause shown why it should be continued

for want of prosecution unless within thirty days following such mailing, action of record is made for an application in writing to the court and good cause shown why it should be continued as a pending case. If the appeal is dismissed, the clerk of the court will proceed as per section (b) above."

as a pending case." This provision makes it possible to determine whether the appeal is being diligently prosecuted. There is, therefore, no reason for the procedures under JCrR 6.03(c) to be exhausted before JCrR 6.03(b) is applicable.

As for defendant's further argument that his noting of the case for trial was timely because within the 40-day period permitted for taking steps to take and perfect the appeal as required by JCrR 6.01, it is noted the time periods are the maximum time periods. If the maximum time periods are not taken, the provisions of JCrR 6.01(e) become applicable in accordance with the terms of the rule. JCrR 6.01(e) considered in conjunction with JCrR 6.03(b) alone requires literal compliance with the time period set out in JCrR 6.01(e). If that period is not followed, then JCrR 6.03(b) provides "the cause shall be dismissed."

What has heretofore been said, however, does not take into account JCrR 10.01. That rule expressly provides in subsection (b):

> Whenever by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court, for good cause shown, may at any time in its discretion . . . (2) upon motion and notice permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect; but the court may not enlarge the period for taking an appeal as provided for in these rules.

The record indicates JCrR 10.01 was not called to the attention of the trial court nor indeed to the Court of Appeals until after that court decided the City's petition for rehearing. At the time the City argued the phrase in JCrR 10.01 "but the court may not enlarge the period for taking an appeal as provided for in these rules." included all the steps set forth in JCrR 6.01, including subdivision (e) thereof. However, the only portion of JCrR 6.01 dealing with taking an appeal is subdivision (b). The remaining subdivisions deal with the perfection of an appeal rather than the taking of the appeal. If, therefore, JCrR

10.01(b)(2) applies, then the Superior Court has the power to determine that defendant's case was one of excusable neglect so as to permit an enlargement of the time for noting the case for trial. In this case, it was unnecessary for defendant to make a formal motion and to give notice to permit the noting of the case for trial after the expiration of the 20–day period because the Superior Court itself had fixed a date for hearing on the matter of whether the appeal should be dismissed because of the untimely noting of the case for trial. To have required a motion and notice in addition to the trial court scheduling of the hearing would have been to substitute form for substance.

The only remaining questions are (1) whether defendant counsel's affidavit made out a case of excusable neglect and (2) whether this matter should be remanded to the Superior Court rather than retained for determination by this court.

In passing on what is excusable neglect, it is to be noted that neglect does not bar relief if "excusable." The concept of excusable neglect is not uncommon. It is found in other contexts, *e.g.,* RCW 4.32.240; CR 60(b). *See* RAP 1.2(a); *cf.* RAP 18.8. Illustrative cases although involving other fact patterns rest on principles useful here. *Sherman v. Southern Pac. Co.,* 31 Nev. 285, 102 P. 257 (1909); *Haskell v. Cutler,* 188 Okla. 239, 108 P.2d 146 (1940); *Turner v. Bolton,* 82 S.C. 502, 505, 64 S.E. 412 (1909).

█ Each case of excusable neglect must rest on its own facts. *See First Nat'l Bank v. Stilwell,* 50 Ind. App. 226, 232, 98 N.E. 151 (1912).

In the instant case, the record shows defendant's attorney in good faith made every effort to pursue this appeal in timely fashion. The very short 5–day delay in noting the case for trial resulted from pure inadvertence with no resulting prejudice in fact. Undoubtedly, a defendant may be bound by the acts of his attorney and an attorney is responsible for the acts of his office clerks. However, it is not necessarily unreasonable for an attorney in carrying on his law practice to assume his office clerks will exercise

normal judgment and to rely upon the correctness of his office clerks' conduct in the course and scope of their employment. The Court of Appeals stated in its majority opinion that if a court is "unable to correct an injustice where a defendant or his attorney was unable to comply with the rules through no intent or act of his own volition[,] [t]his is not reasonable." *Goldendale v. Graves,* 14 Wn. App. 925, 929, 546 P.2d 462 (1976). Moreover, no one was prejudiced by the very short delay in noting the case for trial. We agree with the Court of Appeals that under the particular circumstances here, justice requires relief.

■ The remaining question is the relief to be afforded. The trial court did not exercise its discretion under JCrR 10.01 because its attention was not called to that rule. Indeed, the rule was not called to the attention of the Court of Appeals until after the court's denial of the petition for rehearing. The trial court's dismissal of the appeal having been based on a mistake of law, its judgment must be reversed without the necessity of showing abuse of discretion. *Miller v. Belanger,* 275 Wis. 187, 81 N.W.2d 545 (1957); *Strzebinska v. Jary,* 58 R.I. 496, 193 A. 747, 112 A.L.R. 391 (1937).

■ The Court of Appeals in reversing the trial court's dismissal of the appeal made a final disposition of this matter subject to review here. It held that under JCrR 6.03(b) and JCrR 6.01(e) defendant's attorney substantially complied "with the intent of the requirements in the rule" (*Goldendale v. Graves, supra* at 928) or that failure to comply was excusable. To hold otherwise, the court stated, would render the court "insensitive to the failings of us all" and would mean the court would "be unable to correct an injustice." *Goldendale v. Graves, supra* at 929. The exercise of discretion by the trial court is, however, implicit in the rationale of the majority opinion of the Court of Appeals. A parallel rationale applies here under JCrR 10.01. Doubts should be resolved in favor of protecting the right of appeal; we should be slow to deprive a litigant of that right.

*People v. Krebs,* 62 Cal. 2d 584, 400 P.2d 323, 43 Cal. Rptr. 331 (1965).

The decision of the Court of Appeals should be affirmed with directions to reinstate the appeal.

It is so ordered.

ROSELLINI, HAMILTON, UTTER, BRACHTENBACH, and DOLLIVER, JJ., concur.

STAFFORD, J. (concurring in part, dissenting in part)—I agree with the majority insofar as it interprets the general application of JCrR 6.01, 6.03, and 10.01(b). But, I do not agree that the case at hand falls within the "excusable neglect" provisions of JCrR 10.01(b).

The majority's position is that it would be unreasonable for a court not to be able to correct an injustice if a defendant or his attorney is *unable to comply* with the rules through no intent or act of his own volition. However nothing in this record demonstrates an *inability to comply* with the rules. Rather, there is *failure to comply.*

Pursuant to JCrR 6.01(c) and (d), the district court filed the transcript within 10 days following the notice of appeal and notified defendant's attorney of that fact. At this point counsel's secretary is said to have misplaced the notice.

Since the district court must file the transcript within 10 days of the notice of appeal and give notice thereof to appellant (JCrR 6.01(c), (d)) and since counsel is required to note the case for trial within 20 days of that filing (JCrR 6.01(e)), logic indicates counsel should have made some inquiry after the 10th day had elapsed with no apparent receipt of notice. A mere telephone call would have clarified the problem within minutes. Nevertheless, while more than adequate time remained to clarify the status of the transcript and even though a simple inquiry would have disclosed the transcript had been filed and notice sent to his office, counsel *chose to do nothing.*

A misplaced notice might possibly be classed as inadvertence. But, failure to make inquiry about the filing status of

426

the transcript was not inadvertence. It was a total failure to act under circumstances that called for inquiry.

If the facts of this case give rise to a judicially–recognized excuse of "excusable neglect" requiring relief, we might as well abandon further thought of enforcing compliance with JCrR 6.01 and JCrR 6.03, except in cases of intentional or wilful neglect. It is certain that few of the latter class of cases will ever arise as long as there are secretaries to be blamed.

WRIGHT, C.J., concurs with STAFFORD, J.