[No. 2494–3. Division Three. August 3, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. BERG'S ECONOMY SALES AND SERVICE, *Appellant.*

*Emery Berg,* pro se.

*E. R. Whitmore, Prosecuting Attorney,* and *Grant Mueller, Deputy,* for respondent.

ROE, J.—Emery Berg doing business as Berg's Economy Sales and Service, and appearing pro se, appeals a dismissal by the superior court of his appeal from district court. We reverse and reinstate the appeal.

On April 21, 1977, Mr. Berg was convicted of improper use of a dealer's license plate in Chelan County District Court. He filed a notice of appeal and posted an appeal bond on May 2, 1977. The same day, the district court clerk sent the transcript to the superior court with a transmittal letter,[1] of which Mr. Berg received a copy.

On May 27, 1977, the prosecuting attorney filed a motion to dismiss the appeal because of failure to note the matter for trial within 20 days after the filing of the transcript as required by JCrR 6.01(e).[2] Later, on June 2, 1977, Mr. Berg filed a "Motion for Order to Certify Transcript" contending the Chelan County District Court had failed to transmit a

---

[1] "Dear Clerk:
 "Enclosed for your filing are the following:
 "Yellow copy of Citation #4633 issued 2/23/77
 "Certified copy of Notice of Appeal
 "Certified copy of Appeal Bail Bond
 "The defendant went through our court on 4/21/77 and was informed at that time he had 10 days in which to appeal the decision and to file a bond in the amount of $500. A copy of this letter will be sent to the Defendant informing him that the matter has been transferred to your court this day.
 "Sincerely,
 "/s/ Sherry Hemphill
 "Sherry Hemphill
 "Chief Clerk"

[2] "**Noting for Trial.** Within 20 days after the transcript is filed, appellant shall note the case for trial and otherwise diligently prosecute the appeal."

certified transcript to superior court within 10 days of the notice of appeal as required by JCrR 6.01(c). On June 6, 1977, the Superior Court dismissed the appeal and remanded the matter back to the district court. The district court's transcript was in fact sent to the Superior Court on May 2, 1977. Mr. Berg's contention in this appeal is that the trial court erred in refusing to grant his motion for order to certify the transcript and in dismissing the appeal.

 Shortly before this matter was dismissed by the Superior Court, the Supreme Court held that the 20–day time limit of JCrR 6.01(e), which appears to be mandatory, may be extended in cases involving excusable neglect. *Goldendale v. Graves,* 14 Wn. App. 925, 546 P.2d 462 (1976), *aff'd on other grounds,* 88 Wn.2d 417, 562 P.2d 1272 (1977). The court stated in that case, where there was no showing of prejudice, that "Doubts should be resolved in favor of protecting the right of appeal; we should be slow to deprive a litigant of that right." *Goldendale v. Graves, supra* at 424.

The record shows that Mr. Berg, appearing pro se in all three courts, has attempted to pursue this appeal in a timely manner and properly filed his notice of appeal and appeal bond. JCrR 6.03(a) provides that if the lower court does not certify the transcript within 10 days after the notice of appeal, the appellant may make application within 20 days after the filing of the notice of appeal to have the superior court issue an order to make and certify the transcript. While the transcript apparently was certified in this case, nevertheless, the letter sent by the clerk does not so state, and Mr. Berg understandably was concerned, so he asked that it be done, within a reasonable time, even though it was somewhat beyond the limits as provided by this rule.[3]

---

[3]*State v. Miller,* 19 Wn. App. 432, 576 P.2d 1300 (1978), decided after this appeal was taken, is distinguishable in that there the appellant, apparently, had counsel at some time in the proceedings and made no attempt to force compliance with the rule, JCrR 6.03(a), as did appellant here. There was also a delay of 113 days, when the State finally moved to dismiss.

It would be easier to affirm the dismissal if the clerk's letter had indicated that the transcript was certified and that there was a duty to note for trial within 20 days. JCrR 10.01 provides that for any act required to be done by the rule within a specified time, the court may, in its discretion, for good cause shown enlarge the period and permit the act to be done after the expiration of the specified time where the failure was the result of excusable neglect. The only exception as found in that rule states that the court may not enlarge the period for taking the appeal. Since the notice of appeal was given May 2, 1977, less than 40 days elapsed from that time until the hearing on the motion to certify and the dismissal by the Superior Court on June 6, 1977. All of these proceedings are well within the 40–day period contemplated by JCrR 6.01, as noted by the Supreme Court in *Goldendale v. Graves, supra*. We do not think that there was an unreasonable delay and there is no showing that the cause of the State has been prejudiced by the delay, particularly in this type of case where the defendant, who had been doing business for over 25 years as a used–car dealer in the state, was found guilty of lending his motor vehicle dealer license plates.

Consequently, the facts in this case sufficiently show such excusable neglect as to justify waiver of the 20–day rule and reinstatement of this appeal.

Judgment of the Superior Court is reversed and the case remanded.

FARRIS, C.J., concurs.

McINTURFF, J. (concurring)—I concur in the majority opinion insofar as it holds there is a sufficient showing here of excusable neglect to require reinstatement of the appeal. In addition, however, I feel the philosophy expressed in the Rules of Appellate Procedure should be applied to appeals from district court. RAP 1.2(a) provides:

> **Interpretation.** These rules will be liberally interpreted to promote justice and facilitate the decision of

cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands, subject to the restrictions in Rule 18.8(b).

It is incongruous, indeed, to construe the rules governing appeals from district court more strictly than rules governing appeals from superior court. The parties in district court are usually not represented by counsel. On the other hand, cases appealed from superior court normally involve representation by an attorney. If there is a recognized need for liberal construction of rules concerning appeals from superior court, there is as much a need for similar construction of the rules involving a litigant appealing from district court. Promoting justice and deciding cases on the merits are as valuable goals in district court as they are in superior court, the Court of Appeals, or the Supreme Court. Furthermore, if under RAP 1.2(a), compliance with the Rules of Appellate Procedure should not be determinative of the cases and issues where attorneys are generally involved, strict compliance should not determine the outcome of cases and issues where a layman often represents himself.

The vast majority of the public is exposed to our judicial system only through the district courts. That experience should instill in them confidence that justice is being fairly administered at all levels in the court hierarchy. Liberality in the construction of procedural rules regarding appeals from the district court is a step in that direction.