[No. 5352–7–II.   Division Two.   July 14, 1982.]

THE CITY OF TACOMA, *Appellant,* v. ERVIN W. MYHRE, *Respondent.*

*Robert R. Hamilton, City Attorney,* and *Patricia Parfitt, Assistant,* for appellant.

*Donald Kelley,* for respondent.

WORSWICK, J.—The City of Tacoma appeals the Superior Court's orders denying its motion to dismiss defendant's appeal from municipal court and, later, dismissing the charges. We affirm.

Defendant was cited for DWI in the evening hours of June 19, 1980. Upon being advised of his rights at the police station at approximately 10 p.m., defendant asserted his right to contact his attorney. The attorney's office telephone number was obtained from the telephone book and defendant was allowed to call that number. After receiving no answer, defendant requested that he be allowed to call his mother because she had the attorney's home number. The officers refused to permit the call. Defendant never contacted an attorney that evening.

Defendant was convicted of DWI in Tacoma Municipal Court and filed a timely notice of appeal. Because defendant failed to note the case for trial within 20 days after the filing of the municipal court transcript in the superior court, the appeal was subject to dismissal.[1] The Superior Court, upon defendant's motion pursuant to JCrR 10.01(b),[2] allowed the case to be noted for trial after the expiration of the specified period and denied the City's motion to dismiss the appeal.

The reason for the failure to note the matter for trial in timely fashion was a clerical error in defense counsel's office resulting in a 1–week delay. The City claimed no prejudice

---

[1]The rules applicable to this situation read:

JCrR 6.01:

"**(e) Noting for Trial.** Within 20 days after the transcript is filed, appellant shall note the case for trial and otherwise diligently prosecute the appeal."

JCrR 6.03:

"**(b) Dismissal for Want of Prosecution.** Where the cause has not been noted for trial within 20 days after filing of the transcript, the superior court clerk shall forthwith note the appeal for dismissal for want of prosecution. If, after a hearing, it is determined that appellant has not met time requirements, the cause shall be dismissed. . . ."

These Justice Court Criminal Rules have been amended subsequent to the events in question. Effective January 1, 1981, they read:

JCrR 6.01:

"**(f) Noting for Trial.** Within 21 days after the transcript is filed, the superior court shall set a trial date and notify the parties of the date."

JCrR 6.03:

"**(b) Failure To Certify Transcript.** If the lower court fails, neglects or refuses to make and certify the transcript within the time allowed, the appellant may make application to the superior court not later than 21 days after the filing of the notice of appeal and the superior court shall issue an order to make and certify the transcript."

[2]JCrR 10.01(b) reads:

"**(b)** Whenever by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court, for good cause shown, may at any time in its discretion: (1) with or without motion or notice order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (2) upon motion and notice permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect; but the court may not enlarge the period for taking an appeal as provided for in these rules."

resulting from this short delay.

◼ The court's finding that the delay in noting the case for trial was excusable is consistent with the policy of resolving doubts in favor of protecting the right to appeal. *See Goldendale v. Graves,* 88 Wn.2d 417, 424, 562 P.2d 1272 (1977). JCrR 10.01(b) allows the court considerable discretion. It was properly exercised here.

Dismissal of the charges was justified by the facts of this case. JCrR 2.11(c)(2)[3] and constitutional principles obligate the police to take all steps necessary to allow a DWI suspect telephone contact with a lawyer as soon as possible after being taken into custody. *State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893, *vacated,* 449 U.S. 977, 66 L. Ed. 2d 240, 101 S. Ct. 390, *aff'd on remand,* 94 Wn.2d 858, 620 P.2d 999 (1980).

◼ Whether the police have taken all steps necessary to place a suspect in contact with an attorney must be determined on a case by case basis. In this case defendant was allowed only the futile gesture of calling his attorney's office at 10 p.m. An additional call would not have burdened the police and obviously was necessary if defendant was to contact his attorney. Denial of defendant's request to make the additional call was a violation of JCrR 2.11(c)(2) and the principles stated in *State v. Fitzsimmons, supra.*

Affirmed.

REED, C.J., and SWANSON, J., concur.

---

[3]JCrR 2.11(c)(2) reads:

"At the earliest opportunity a person in custody who desires counsel shall be provided access to a telephone, the telephone number of the public defender or official responsible for assigning counsel, *and any other means necessary to place him in communication with a lawyer.*" (Italics ours.)