[No. 41395-7-II.   Division Two.   June 29, 2012.]

THE CITY OF LAKEWOOD, *Petitioner*, v. ANTHONY LEE CHENG, *Respondent*.

*Anthony Cheng*, pro se.

*Heidi Wachter, City Attorney,* and *Matthew S. Kaser, Assistant,* for petitioner.

¶1 ARMSTRONG, J. — The city of Lakewood (City) challenges the superior court's decision that Anthony Cheng filed a timely notice of appeal after the municipal court found him guilty of a traffic infraction. We affirm.

FACTS

¶2 A Lakewood police officer pursued Cheng after he allegedly ran a red light. Cheng was cited with two traffic violations: failure to stop for a steady red signal in violation of RCW 46.61.055(3) and failure to yield to the right of an emergency vehicle in violation of RCW 46.61.210. After Cheng contested both infractions, the Lakewood Municipal Court found him guilty of the failure to yield infraction on June 15, 2009.[1]

¶3 The municipal court docketed and filed a notice of appeal that Cheng faxed to the court on July 16, which was 31 days after the municipal court's finding and 1 day after the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) appeal deadline. RALJ 2.5(a). The City

---

[1] The court deferred any entry of findings on the red light violation, and that infraction is not at issue here. *See* RCW 46.63.070(5) (allowing deferral of findings).

moved to dismiss, arguing that the appeal was untimely. Cheng responded with a transmission verification report showing that he had faxed a notice of appeal to the municipal court at 4:02 p.m. on July 15, the last day of the filing deadline. The superior court denied the City's motion to dismiss the appeal.

¶4 Cheng then renewed his argument that RCW 46.61-.210 should not apply to him because he was driving the " 'target vehicle' " that had caused the officer to activate his emergency signals. Clerk's Papers (CP) at 131. The superior court agreed and reversed the infraction.

¶5 After this court granted the City's motion for discretionary review of both rulings, we held that RCW 46.61.210 does not apply when a police officer is in the process of stopping a motorist for a traffic infraction. *State v. Weaver*, 161 Wn. App. 58, 60, 248 P.3d 1116 (2011). The City concedes that *Weaver* disposes of the infraction issue but maintains that it is entitled to relief because the superior court erred in denying its motion to dismiss Cheng's appeal.

DISCUSSION

¶6 We review this legal issue de novo. *State v. Squally*, 132 Wn.2d 333, 340, 937 P.2d 1069 (1997). The timely filing of the notice of appeal is the only jurisdictional requirement for a RALJ appeal. RALJ 2.4(a); *City of Seattle v. Braggs*, 41 Wn. App. 646, 648, 705 P.2d 303 (1985). A notice of appeal must be filed within 30 days after the entry of the final decision the party filing the notice seeks to appeal. RALJ 2.5(a).

¶7 The superior court accepted the transmission verification report that Cheng submitted as evidence that he filed a timely notice of appeal. This report contains a section with defense counsel's contact and fax information as well as the time and date, and a separate section with the municipal court's fax information, the time and date, the number of pages faxed, and the notation "OK." CP at 30.

This information arguably shows that the court received the fax. *See Yeager v. UPMC Horizon*, 698 F. Supp. 2d 523, 537 (W.D. Pa. 2010) (plaintiff did not file transmission verification report to support claim of facsimile filing on certain date); *Rivas v. Rivas*, 320 S.W.3d 391, 392, 394 (Tex. App. 2010) (facsimile transmission verification report established that intended recipient received faxed document; "evidence showing a telephonic document transfer to the recipient's current telecopier number gives rise to a presumption that notice was duly received by the addressee").

¶8 There is no evidence, however, that the clerk's office docketed or filed the July 15 notice of appeal. The municipal court docket shows no entries for July 15 but notes that defense counsel called on July 16 to report that his staff had faxed appeal paperwork with an incorrect caption. (The July 15 notice referred to the district court rather than the municipal court and also referred to the State rather than the City as plaintiff.) The clerk's office advised counsel to refile the appeal paperwork, which he did after correcting the caption. The municipal court docketed and filed the corrected notice of appeal on July 16. Counsel filed a third notice of appeal on July 27 and, after receiving a delinquency notice, paid the filing fee on September 3.

¶9 The superior court held that without the transmission verification report showing that Cheng faxed a notice of appeal to the municipal court on July 15, it would be required to dismiss the appeal because of the 30-day jurisdictional time limit. But, preferring to consider the case on its merits rather than dismiss on a "questionable procedural issue," the superior court held that the July 15 notice of appeal was timely:

> [I]t sounds like [the City] accepted a fax appeal the very next morning given the exact same circumstances. And so I have in my hand something that would suggest that they received something the night before. Maybe they didn't acknowledge it,

but it does appear to me that it was filed on the 30th day and therefore there was a timely filing of a notice of appeal.

Report of Proceedings (Mar. 19, 2010) at 10.

¶10 The City now argues that the superior court erred in ruling that the July 15 filing was adequate because it did not comply with the requirements for facsimile filings in GR 17. This rule sets forth the requirements for electronic filing by fax machine. GR 17; 2 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE GR 17, at 62 (7th ed. 2011).

¶11 The City's principal argument is that the July 15 filing does not comport with GR 17 because there is no evidence that the municipal court received it. *See* GR 17(b)(3) (document transmitted directly to the clerk shall be deemed received at the time the clerk's fax machine electronically registers the transmission of the first page). But, as explained earlier, the transmission verification report provides proof that the notice of appeal was successfully sent to the clerk's office fax machine and, thus, arguably satisfies GR 17(b)(3). The superior court so concluded, despite the failure of the clerk's office to independently acknowledge receipt of the document.

¶12 The City argues, nonetheless, that the July 15 report shows only when Cheng sent the notice of appeal and that this showing is insufficient to prove a timely filing. As support, it cites the Supreme Court's holding that filing occurs when papers are filed with the clerk of the court and not when they are sent to the clerk of the court. *In re Pers. Restraint of Carlstad*, 150 Wn.2d 583, 592, 80 P.3d 587 (2003). *Carlstad* was addressing the validity of the mailbox rule, however, and the time lapse involved in mailing documents. There is no such time delay with facsimile transmission; sending and receipt are virtually simultaneous. The City also cites as support Division One's statement that "[a] document is filed with the clerk when it is delivered to the clerk. The clerk's filing stamp is evidence of the time and date of delivery but it is not the act of delivery

in and of itself." *State v. Robinson*, 104 Wn. App. 657, 668, 17
P.3d 653 (2001). *Robinson,* again, was not discussing elec-
tronic filing, but this language arguably supports Cheng's
position that the transmission of his notice of appeal to the
clerk on July 15 rendered it timely filed; the transmission
verification report provides evidence of the act of delivery
as well as its time and date. *See* BLACK'S LAW DICTIONARY 628
(6th ed. 1990) (defining *"filing with court"* as the "[d]elivery
of legal document to clerk of court or other proper officer
with intent that it be filed with court").

¶13 According to the City, however, compliance with the
30-day requirement must be measured by the clerk's end of
the transmission and not a sender's transmission verifica-
tion report. The City contends that this will guard against
a sender altering his fax machine settings to comply with
filing deadlines, but it acknowledges that there is no
evidence of any such alteration in this case. The City also
acknowledges that there may be instances where a clerk
loses or misfiles a document, but it contends that GR 17 has
safeguards to protect litigants from such mishaps. GR
17(a)(4) authorizes clerks to charge reasonable fees for
receiving facsimile transmissions, and the City argues that
Cheng could have supported his filing claim with proof of
payment. Our record does not disclose, however, whether
the Lakewood Municipal Court imposes fees for facsimile
transmission. GR 17 also requires a sender to include a
transmittal sheet notifying the clerk of a fax filing and to
retain the original document. GR 17(a)(1), (b)(2). The City
faults Cheng for failing to produce the original of the notice
of appeal he sent on July 15, together with copies of the
transmission documents. The City raised no such objections
below, however, and Cheng's failure to supplement the
transmission verification report with additional evidence
should not render his notice of appeal untimely.

¶14 The City complains further that the July 15 trans-
mission verification report does not contain a signature or
any indicia that it should be processed as a notice of appeal.

*See* CRLJ 11 (pleading of party represented by attorney shall be signed by attorney). This argument ignores the "notice of appeal" caption on the report, as well as the fact that the clerk's office accepted an unsigned notice of appeal the next day. CP at 30; *see State v. Olson*, 74 Wn. App. 126, 128, 872 P.2d 64 (1994) (where deficiency in notice of appeal is one of form only, court is not deprived of jurisdiction), *aff'd*, 126 Wn.2d 315, 893 P.2d 629 (1995). The City also argues that the July 15 notice of appeal was not timely because Cheng did not pay the $200 filing fee until six weeks later. *See* RCW 36.18.020(2)(b) ($200 filing fee required to appeal traffic infraction).

¶15 GR 17(a)(5) states that "[w]ithout prior approval of the clerk of the receiving court, facsimile transmission is not authorized . . . for those documents for which a filing fee is required." As the superior court observed, the clerk's office tacitly approved the facsimile transmission of Cheng's notice of appeal by accepting it on July 16. The fact that Cheng was delinquent in paying the filing fee did not warrant the dismissal of his appeal, particularly where the municipal court accepted his late payment. *See Davidson v. Thomas*, 55 Wn. App. 794, 798, 780 P.2d 910 (1989) (RALJ 10.2 does not list failure to pay filing fee as reason for dismissal of appeal); 4B KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RALJ 2.4 author's cmt. 1, at 231 (7th ed. 2008) (procedural error with respect to payment of filing fee is not necessarily fatal to appeal).

¶16 In addition to imposing a 30-day time period within which a notice of appeal must be filed, the rules for appeals from courts of limited jurisdiction provide that they "will be liberally interpreted to promote justice and facilitate the decision of cases on the merits." RALJ 1.2(a); *see also City of Goldendale v. Graves*, 88 Wn.2d 417, 424, 562 P.2d 1272 (1977) ("Doubts should be resolved in favor of protecting the right of appeal; we should be slow to deprive a litigant of that right."); *Graham Thrift Grp., Inc. v. Pierce County*, 75 Wn. App. 263, 268, 877 P.2d 228 (1994) (recognizing modern

preference of courts to interpret their procedural rules to allow creditable appeals to be addressed on the merits absent serious prejudice to other parties). We hold that the superior court did not err in accepting Cheng's July 15 faxed notice of appeal as timely filed.

¶17 Affirmed.

WORSWICK, C.J., and VAN DEREN, J., concur.