[No. 39539. Department One. May 2, 1968.]

THE CITY OF PORT ANGELES, *Respondent,* v. JOHN E. DUSTIN, *Appellant.**

*Kempton, Savage & Gossard,* by *James S. Kempton,* for appellant.

*Severyns & Moffett,* by *Tyler C. Moffett,* for respondent.

*Reported in 440 P.2d 420.

BRADFORD, J.†—On February 8, 1966, John E. Dustin was convicted and sentenced in a municipal court of the city of Port Angeles for driving while under the influence of intoxicating beverages. Dustin was represented by counsel, and notice of appeal to the superior court was filed and served on February 10, 1966. An instrument entitled "Transcript on Appeal", certified by the municipal judge, was filed with the clerk of the Superior Court for Clallam County on February 14, 1966. When the case was called for trial, counsel for the city moved for a dismissal upon the grounds that the defendant had failed to comply with chapter 6 of the Criminal Rules for Courts of Limited Jurisdiction. The motion was granted and defendant's appeal was dismissed. The case was returned to the municipal court of the city of Port Angeles for execution of the sentence imposed.

Defendant's appeal to this court raises the question of whether the superior court erred in dismissing the appeal. J Crim. R 6.01, RCW vol. 0, provides:

> Appeals shall be to the superior court of the county in which the court of limited jurisdiction is located. The appeal from a justice court located in a joint justice court district shall be made to the superior court of the county where the offense was alleged to have been committed. The appeal shall be taken by serving a copy of a written notice of appeal upon the attorney for the party in whose favor judgment was entered and by filing the original thereof with acknowledgment or affidavit of service thereof with the court in which the case was tried within 10 days after entry of judgment. If a motion for a new trial or for the arrest of judgment has been timely made, such notice and proof of service may be filed within 10 days after entry of the order denying the motion.

> After notice of appeal is given as herein required, appellant shall diligently prosecute his appeal, and within 30 days from the day of entry of judgment, shall file with the clerk of the superior court a transcript duly certified by such judge, furnished by such judge without charge, and containing a copy of all written pleadings and docket

†Judge Bradford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

entries of the lower court. Within 10 days after the transcript is filed, appellant shall note the case for trial.

J Crim. R 6.03, RCW vol. 0, provides in part:

If the appellant fails to proceed with the appeal within the time and manner herein provided, the superior court shall upon motion of the respondent dismiss the appeal if the transcript has been there filed, otherwise, the lower court shall do so.

■ These rules are mandatory, as are the statutes from which the language was taken. The burden of complying with them is clearly upon the appellant. *Seattle v. Reed,* 6 Wn.2d 186, 107 P.2d 239 (1940); *State v. Ladiges,* 63 Wn.2d 230, 386 P.2d 416 (1963); *Orting v. Rucshner,* 66 Wn.2d 732, 404 P.2d 983 (1965); *Seattle v. Buerkman,* 67 Wn.2d 537, 408 P.2d 258 (1965).

*State v. Ladiges, supra,* points out that an appellant is required to comply with four definite and specific steps in order to perfect an appeal from a court of limited jurisdiction: (1) Notice of appeal must be in writing and served and filed with the court (with written acknowledgment of service) within 10 days after the entry of judgment. (2) A bond conditioned upon diligently prosecuting the appeal must be deposited with the court. (3) The appellant must file with the clerk of the superior court a certified copy of the court transcript within 30 days from the entry of the judgment. (4) Within 10 days after the transcript is filed, the appellant must note the case for setting for trial in the superior court.

It is conceded the defendant satisfied the requirements of steps (1) and (2), but the city's motion to dismiss was granted because the case was not formally noted for setting, and because the transcript on appeal did not contain copies of all written pleadings which were of record in the municipal court.

Upon defendant's filing of his notice of appeal, the municipal court judge prepared and filed a transcript on appeal which contained the following certification:

I, Stanley A. Taylor, Municipal Judge for the City of Port Angeles, in and for said State, do hereby certify

that the within and foregoing is a full, true, and correct abstract of all proceedings in the above entitled, action, and the same appears in the records kept by the undersigned.

In Witness Whereof, I have hereunto set my hand this 10th day of February, 1966.

/s/ Stanley A. Taylor
Stanley A. Taylor
Municipal Judge

Defendant's counsel was notified by letter from the clerk of the superior court dated March 9, 1966, that the appeal was set for jury trial beginning April 12, 1966, at 9:30 a.m., but because of a conflict in the court calendar, this setting was vacated and the case was later reset for the next regular jury term called by the court. Thus, the notice of appeal, the filing of the transcript and the setting of the case for trial were all accomplished within the initial 30-day period from entry of judgment.

These rules were designed and adopted to establish uniformity among the courts of limited jurisdiction, to correct procedural defects and delays, and to promote more speedy final dispositions of cases appealed from justice and municipal courts. Allowing defendant his appeal in the present matter is not disruptive of these goals. A formal noting of the case for setting in addition to what was done in the instant case would have been a useless act and thus, not promotive of these policies. The defendant was not responsible for any delay. Neither can he be deprived of a portion of his 30-day time within which to file a transcript merely because of the action of the municipal court in filing the transcript early. See *State v. Ladiges, supra.* This is especially true in light of the fact that notice of the municipal court's action in filing the transcript was not provided to the defendant.

Prior to completion of the arguments and disposition of the motion to dismiss, the court was furnished a supplemental transcript which contained copies of all written pleadings which were missing from the transcript. A jury

panel was standing by, and both parties were present with their witnesses and prepared for trial.

Under the facts and circumstances of this particular case, we hold there was substantial compliance with the rules, and the court, therefore erred in dismissing the appeal.

The judgment is reversed and the cause remanded with instructions to reinstate the appeal. Costs will abide the final determination of the cause.

FINLEY, C. J., ROSELLINI, HALE, and McGOVERN, JJ., concur.