[Nos. 39665, 39857.   Department Two.   October 17, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. ETHEL GREGORY, *Appellant.*

THE STATE OF WASHINGTON, *Respondent*, v. MIKE STAPLETON, *Appellant.**

*Reported in 446 P.2d 191.

*Garver & Garver* and *Robert W. Garver, Jr.,* for appellant Gregory.

*Egger, Richey & Eikenberry,* by *Jack A. Richey,* for appellant Stapleton.

*Gilbert C. Valley, John Panesko, Richard L. Pitt,* and *Edward C. Beeksma,* for respondent.

ARMSTRONG, J.†—Two appeals, which are concerned with closely related questions, are consolidated for disposition in this opinion. Both deal with the application and interpretation of chapter 6 of the Criminal Rules for Justice Court, RCW vol. 0.

In the first, the defendant, Gregory, who was convicted in justice court of obstructing justice, gave timely written notice of appeal and requested the justice court clerk to send a transcript to the superior court. The judgment appealed from was entered on February 11, 1966. Having learned that the transcript was not filed as requested, defendant's attorney, on March 21, 1966, again requested that it be filed. On April 22, 1966, the attorney demanded immediate filing and was informed that the transcript had been filed on March 23, 1966. On May 2, 1966, the attorney noted the case for trial. On May 15, 1967, the superior court dismissed defendant's appeal for noncompliance with JCrR 6.01 in two respects: failure to file the transcript within 30 days from the entry of judgment, and failure to note the case for trial within 10 days after the transcript was filed.

In the second case, defendant, Stapleton, who was convicted in justice court of driving while under the influence of alcohol gave timely written notice of appeal on April 27, 1967, the date the justice court judgment was entered. On May 3, 1967, defense counsel requested by letter that a

---

†Judge Armstrong is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

transcript be prepared and filed with the superior court. The justice court filed the transcript on May 8, 1967, but defense counsel did not note the case for trial setting until May 22, 1967. The superior court dismissed the appeal because of defendant's failure to timely note the case for trial.

On appeal to this court, the defendant, Gregory, argues that she was denied her right to appeal through fault of the justice court and that to apply strictly JCrR 6.01 and 6.03 is a denial of justice.

Defendant Stapleton argues on this appeal also that the justice court was at fault for the failure to timely note the case for trial because there was no notice afforded him that the transcript was filed and, therefore, he could not know the time within which he must note the case for trial.

We find both claims without merit. The facts and the rules speak for themselves. JCrR 6.01 provides in part:

> After notice of appeal is given as herein required, appellant shall diligently prosecute his appeal, and within 30 days from the day of entry of judgment, shall file with the clerk of the superior court a transcript duly certified by such judge . . . . Within 10 days after the transcript is filed, appellant shall note the case for trial.

JCrR 6.03 provides:

> *If the appellant fails to proceed with the appeal within the time and manner herein provided, the superior court shall upon motion of the respondent dismiss the appeal if* the transcript has been there filed, otherwise, the lower court shall do so. (Italics ours.)

■ We recently reiterated in *Port Angeles v. Dustin*, 73 Wn.2d 712, 440 P.2d 420 (1968):

> These rules are mandatory, as are the statutes from which the language was taken. The burden of complying with them is clearly upon the appellant. *Seattle v. Reed*, 6 Wn.2d 186, 107 P.2d 239 (1940); *State v. Ladiges*, 63 Wn.2d 230, 386 P.2d 416 (1963); *Orting v. Rucshner*, 66 Wn.2d 732, 404 P.2d 983 (1965); *Seattle v. Buerkman*, 67 Wn.2d 537, 408 P.2d 258 (1965).

In each of the instant cases, defendants had the affirmative burden of complying with the cited rules. In each case,

defendants requested the justice court to file the transcript for him. Each of the lawyers was an out-of-county attorney, and both apparently relied upon their own local practice.

Accommodations afforded defendants in different counties vary considerably. A district justice court in one county may develop a practice of promptly filing a transcript and notifying the defendant in writing of the filing date. The same practice might prove very impractical or impossible to a part-time justice of the peace who is a layman and without stenographic assistance. The rules were established to create state-wide uniformity and they cannot be varied by local practice or that uniformity will be destroyed.

Accommodations afforded defendants in certain counties cannot relieve defendants of the basic obligations provided in the rules in question. Defendants had a mandatory duty to comply with the rules and cannot shift their responsibility to the justice court by a request to assume that responsibility. Each defendant was required to personally complete the procedural tasks necessary to complete the appeal, or to ascertain by whatever means were available that it was accomplished, and to make certain of the time remaining to him to note his appeal for trial setting.

Having failed in their burden of compliance, defendants must fail on their appeals.

The judgments are affirmed.

WEAVER, HUNTER, HAMILTON, and NEILL, JJ., concur.

February 27, 1969. Petition for rehearing denied.