[Nos. 40388, 40394.   Department One.   April 3, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT G. CARMODY, *Appellant*.

THE CITY OF OLYMPIA, *Respondent*, v. DONALD LEE FOSTER, *Appellant*.*

*Alva C. Long,* for appellant Carmody.

*Owens & Johnson* and *Frank J. Owens,* for appellant Foster.

*Reported in 452 P.2d 959.

*Charles O. Carroll* and *Thomas S. Wampold,* for respondent State of Washington.

*Ernest L. Meyer,* for respondent City of Olympia.

JOHNSEN, J.†—Rule 6.01 of the Criminal Rules for Justice Court, RCW vol. 0, requires, among other things, service of a copy of a written notice of appeal upon the attorney for the party in whose favor judgment was entered. It is the failure of the defendant or his counsel to observe this rule which brings these cases here for consideration. In each instance an appeal was dismissed by the superior court because notice of appeal was not served upon the prosecuting or city attorney.

Robert G. Carmody, appearing without counsel, was convicted in district justice court on April 5, 1968 of driving a motor vehicle while under the influence of intoxicating liquor and was sentenced. On April 10, 1968, retained counsel mailed two copies of a written notice of appeal to the justice court. On April 29, 1968 the clerk of the superior court, pursuant to a local rule, mailed defense counsel and the prosecuting attorney notice that trial had been set for June 6, 1968. Defendant's appeal was dismissed on motion of the prosecuting attorney on May 29, 1968 because written notice of appeal had not been served on the prosecutor within 10 days of judgment.

Donald Lee Foster was convicted in police court of the city of Olympia on March 13, 1968 of driving while under the influence of intoxicating liquor. Neither Foster nor the city was represented by counsel. Upon defendant's oral request that he be allowed to appeal, the police judge prepared and filed a written notice of appeal. On March 25, 1968, retained counsel noted the case for trial in superior court and, again, on motion of the city attorney on April 10, 1968 the appeal was dismissed because written notice of appeal had not been served on the city attorney within 10 days of judgment.

---

†Judge Johnsen is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

■ In the consolidated cases of State v. Gregory and State v. Stapleton (*State v. Gregory*, 74 Wn.2d 696, 446 P.2d 191 (1968)), appeals from justice court were dismissed under JCrR 6.01 in one instance for failure to file a transcript of proceedings within 30 days and note the case within 10 days thereafter, and in the other for failure to note the case within 10 days of filing the transcript. In those cases this court first cited JCrR 6.03 which provides:

If the appellant fails to proceed with the appeal within the time and manner herein provided, the superior court shall upon motion of the respondent dismiss the appeal if the transcript has been there filed, otherwise, the lower court shall do so.

We then quoted with approval our language in *Port Angeles v. Dustin*, 73 Wn.2d 712, 440 P.2d 420 (1968) as follows at 702:

These rules are mandatory, as are the statutes from which the language was taken. The burden of complying with them is clearly upon the appellant.

Finally, we concluded at 703:

The rules were established to create state-wide uniformity and they cannot be varied by local practice or that uniformity will be destroyed.

Accommodations afforded defendants in certain counties cannot relieve defendants of the basic obligations provided in the rules in question. *Defendants had a mandatory duty to comply with the rules and cannot shift their responsibility to the justice court by a request to assume that responsibility.* Each defendant was required to personally complete the procedural tasks necessary to complete the appeal, or to ascertain by whatever means were available that it was accomplished, and to make certain of the time remaining to him to note his appeal for trial setting.

(Italics ours.)

We believe the above cited cases are dispositive of the issues in the instant case. Defendants having failed in their burden of compliance, must fail on their appeal.

The judgments are affirmed.

HUNTER, C. J., FINLEY, HAMILTON, and McGOVERN, JJ., concur.