[No: 43337.  En Banc.  January 2, 1975.]

THE STATE OF WASHINGTON, *Appellant,* v. GARY ELTON SODORFF, *Respondent.*

*Gary E. Sodorff,* pro se.

*Arthur E. Eggers, Prosecuting Attorney,* and *Jerry A. Votendahl, Deputy,* for respondent.

STAFFORD, J.—This is an appeal from an opinion of the Court of Appeals overruling a trial court's order which dismissed an appeal from the District Court.

Preliminarily it should be noted that Gary Sodorff appeared pro se throughout the entire case. The record and Mr. Sodorff's oral statement before us reveal that his pro se

status was based upon reasons purely personal to himself rather than indigency. Therefore, his contention that the trial court erred in failing to hold a hearing to inquire into the circumstances of his pro se representation is without merit.

Defendant Sodorff was convicted of criminal trespass in District Court. He gave oral notice of appeal at that time. Thereafter, defendant filed a written notice of appeal with the District Court but failed to serve a copy thereof upon the Prosecuting Attorney. As a result, the Prosecuting Attorney moved the Superior Court for dismissal of the appeal based upon defendant's failure to comply with JCrR 6.01(b) which provides in part:

> The appeal shall be taken by serving a copy of a written notice of appeal containing the address of the appellant and his attorney upon the attorney for the party in whose favor judgment was entered and by filing the original thereof . . . with the court in which the case was tried . . .

In oral argument on the motion to dismiss the appeal defendant alleged the District Court Judge informed him it was only necessary to give the court one copy of the written notice of appeal. Defendant also stated that he gave the written notice of appeal to the District Court Clerk and assumed a copy would be sent to the Prosecuting Attorney. Finally, he asserted that he was not informed it was necessary to serve a copy of the notice of appeal on the Prosecuting Attorney. The State's motion to dismiss the appeal was granted.

On appeal to the Court of Appeals defendant continued to assert that the judge told him one copy of the notice of appeal would suffice for the court's purposes and that he was thereby misinformed and misled by the District Court Judge. The Court of Appeals indicated that, if in fact the District Court Judge had misinformed defendant, the notice of appeal should be deemed to have been in substantial compliance with the court rules and reinstated the appeal. *State v. Sodorff*, 11 Wn. App. 420, 421, 523 P.2d 210 (1974).

■ We do not agree with the disposition by the Court of Appeals for several reasons. First, nothing in the statement of facts indicates defendant, who chose to represent himself for his own reasons, asked the District Court Judge for advice concerning the various procedural steps necessary to perfect the appeal. The justice court criminal rules do not require a District Court Judge to inform a defendant of the procedural steps necessary to perfect an appeal. In this case the District Court Judge volunteered none. Second, in answer to defendant's inquiry concerning the number of copies of a notice of appeal required, defendant's brief acknowledges that the District Court Judge said "one copy would suffice for the *court's* purpose." (Italics ours.) Contrary to defendant's claim of misinformation, the answer, though terse, was *correct*. One copy was sufficient "for the court's purpose." JCrR 6.01(b) provides that the original shall be filed "with the court in which the case was tried." Finally, although defendant failed to serve a copy of the written notice of appeal upon the Prosecuting Attorney within the allotted time, he asserts there was "substantial compliance" with the foregoing rule. We disagree.

In adopting defendant's contention of "substantial compliance" the Court of Appeals relied on *Port Angeles v. Dustin*, 73 Wn.2d 712, 440 P.2d 420 (1968). However, *Dustin* is not in point. In that case appellant followed the necessary steps to perfect his appeal. However, the certified transcript on appeal did not contain copies of all written pleadings which were of record in the municipal court. The missing copies were subsequently furnished in a supplemental transcript. We found there had been *substantial compliance* with the rules and reinstated the appeal. In the instant case, however, defendant clearly failed to serve a copy of the written notice of appeal upon the Prosecuting Attorney within the required time limits. There was absolutely *no* compliance with the rules.

■ We have consistently held that the rules governing appeals from the district court are mandatory and that an

appellant has the burden of complying with them. *State v. Carmody*, 75 Wn.2d 615, 452 P.2d 959 (1969); *State v. Gregory*, 74 Wn.2d 696, 446 P.2d 191 (1968). Responsibility for compliance cannot be shifted to the district court or to the prosecuting attorney. *State v. Carmody, supra; State v. Gregory, supra. Carmody* and *Gregory* are dispositive of the issues. Having failed to comply with the rule, defendant's notice of appeal was inadequate.

The decision of the Court of Appeals is reversed and the trial court's order of dismissal is reinstated.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied January 29, 1975.