[No. 1253-3.    Division Three.    February 23, 1976.]

THE CITY OF GOLDENDALE, *Respondent*, v. FRANK GRAVES, *Appellant.*

[Note: Only 1 Judge concurs in all of the above statements.]

GREEN, J., concurs in the result only; MUNSON, J., dissents by separate opinion.

*Perry J. Robinson*, for appellant.

*A. J. Losee, City Attorney*, for respondent.

McINTURFF, C.J.—This appeal is from the dismissal of an appeal from Klickitat County District Court to Superior Court. The defendant, Frank J. Graves, had been found guilty of driving while under the influence of liquor or drugs, and speeding. Mr. Graves' attorney failed to note the appeal for trial within 20 days after the filing of the transcript in Superior Court, as required by JCrR 6.01(e). Under the circumstances of this case, does this failure mandate dismissal of the appeal?

Chronologically the necessary dates to consider on this appeal are:

1974

May 8    Mr. Graves convicted of driving while under the influence of liquor or drugs, and speeding

May 17   Notice of appeal filed and $500 appeal bond posted

May 17   Transcript of the District Court proceeding filed in Superior Court

May 20   Notice received in Mr. Graves' attorney's office that transcript had been sent to Superior Court

June 7   Letter from Mr. Graves' attorney inquiring of the Municipal Court when transcript will be filed so that he could note case for trial

June 7   Clerk's motion for dismissal for want of prosecution filed

June 10  Mr. Graves' attorney receives letter from Clerk in response to letter of June 7 calling attention to Clerk's letter of May 17th

June 12  Note for trial setting filed

June 14  Trial setting of July 16, 1974 received by Mr. Graves' attorney

June 26  Order of Dismissal entered

The Superior Court based its dismissal of the instant appeal on JCrR 6.03 (b) which reads in pertinent part:

**(b) Dismissal for Want of Prosecution.** Where the cause has not been noted for trial within 20 days after filing of the transcript, the superior court clerk shall forthwith note the appeal for dismissal for want of prosecution. If, *after a hearing*, it is determined that appellant [Mr. Graves] has not met time requirements, the cause shall be dismissed.

(Italics ours.) Mr. Graves' attorney in explaining the failure to note the appeal for trial within 20 days under the above rule submitted an uncontroverted affidavit which stated in part:

That he was notified in a letter dated May 17, 1974 and received by him on May 20, 1974 of the fact that the transcript had been sent to Superior Court . . .

That said letter was inadvertently filed by affiant's clerk without it being brought to affiant's attention. That

on June 7, 1974 affiant wrote the Clerk of the Municipal Court inquiring as to when the transcript had been filed, . . . That on June 10, 1974 affiant received notice from the Clerk drawing his attention to the letter of May 17, . . . that affiant thereupon noted the same for a trial setting and received a trial setting for jury trial on the 16th day of July, 1974 . . .

It is contended by the State that the rules on appeal from district court to superior court are mandatory, and that the appellant has the burden of complying with them; that responsibility for compliance cannot be shifted to the district court or to the prosecuting attorney.[1] Does this mean there can be no exceptions?

Our Supreme Court has never said that these rules are imbedded in immovable concrete forms; but it has said in *Port Angeles v. Dustin*, 73 Wn.2d 712, 715, 440 P.2d 420 (1968):

> These rules were designed and adopted to establish uniformity among courts of limited jurisdiction, to correct procedural defects and delays, and *to promote more speedy final dispositions of cases appealed from justice and municipal courts.*

(Italics ours.) We feel the most recent cases considering appeals from district court are distinguishable from the instant case. In *State v. Gregory*, 74 Wn.2d 696, 698, 446 P.2d 191 (1968), the defendants requested the justice court clerk to send the transcript to the superior court; under the rules existing at that time, this was not the justice court clerk's duty. The transcript was not filed until 40 days after entry of the judgment appealed from; the rule demanded that it be filed within 30 days after judgment. The case was noted for trial 40 days later; the rule demanded that it be noted for trial 10 days after the transcript was filed. The court said at page 699:

> Defendants had a mandatory duty to comply with the rules and cannot shift their responsibility to the justice court by a request to assume that responsibility.

---

[1] *State v. Gregory*, 74 Wn.2d 696, 698, 446 P.2d 191 (1968); *State v. Carmody*, 75 Wn.2d 615, 617, 452 P.2d 959 (1969); *State v. Sodorff*, 84 Wn.2d 888, 890, 529 P.2d 1066 (1975).

In other words, the defendant had shifted the responsibility for filing the transcript to the court, had filed it 10 days late, and noted the case for trial 30 days late. In the instant case, none of these violations occurred except for noting the case for trial 5 days late.

In *State v. Carmody*, 75 Wn.2d 615, 617, 452 P.2d 959 (1969), the defendants failed to serve a written notice of appeal upon the party in whose favor the judgment was entered. There was no reason given for this noncompliance with JCrR 6.01. In *State v. Sodorff*, 84 Wn.2d 888, 891, 529 P.2d 1066 (1975), Mr. Sodorff failed to serve the prosecuting attorney with a written notice of appeal. Mr. Sodorff had appeared pro se and contended the court should have told him to also serve the prosecuting attorney. The court said once again that the "Responsibility for compliance cannot be shifted to the district court or to the prosecuting attorney." The court further stated at page 890: "There was absolutely *no* compliance with the rules."

In the instant case, Mr. Graves' attorney met time requirements except for noting the case for trial. He was 5 days late. The issue then is, under these circumstances, was the failure to note the case for trial "[w]ithin 20 days after the transcript is filed"[2] excusable and substantial compliance with the intent of the requirements in the rule?

The primary intent of the time frame of the rules applicable in this case is: "[T]o promote more speedy final dispositions of cases appealed from justice and municipal courts."[3] The rules allow a maximum of 40 days from the time of conviction until the time the case is noted for trial in superior court;[4] however, we do not imply that this negates the necessity of mandatory compliance with each time limitation under the rules at issue. The total time of 40 days is indicative of what our Supreme Court feels is a speedy disposition of the cases. The total time which

---

[2]JCrR 6.01(e).

[3]*Port Angeles v. Dustin, supra* at 715.

[4]JCrR 6.01(b), (c), and (e).

elapsed in the instant case from the date of conviction until noting the case for trial was 34 days.

In general Washington rules provide for time extensions for good cause shown.[5] For instance, CrR 3.3 which undertakes to insure speedy trials, excludes certain time periods in computing the time for trial[6] and allows continuances for various reasons[7] including *good cause* being shown by defendant and the due administration of justice.

■ We conclude that JCrR 6.03(b) does allow, in the hearing to determine if time requirements are met, a showing of good cause for noncompliance. Otherwise, we could have a machine making these decisions, insensitive to the failings of us all. We would be unable to correct an injustice where a defendant or his attorney was unable to comply with the rules through no intent or act of his own volition. This is not reasonable.

In the instant case, the attorney's clerk misfiled the letter notifying the attorney that the transcript had been filed in superior court. This fact is buttressed by the letter of June 7 from Mr. Graves' attorney to the municipal court stating: "I would like to know when the transcript has been filed in the Superior Court so I can note the case for trial setting." Immediately upon learning the transcript had been filed he noted the case for trial, still within a period which allowed a speedy trial after appeal from the district court.

Generally, people have access to the courts only through attorneys. These attorneys are human, thus occasionally make mistakes. If the attorney's mistake does not prejudice an innocent third party and is tolerable under the intent and spirit of the rule, the client should not be deprived of his appeal on the merits.[8] It is our opinion that the mistake

---

[5]ROA I-34(2), 41(1), 46(e)(8); CAROA 34(2), 41(1), 46(e)(2)(ii), 46(e)(8); CR 6(b); CrR 8.1; JCR 55(b); JCrR 3.08.

[6]CrR 3.3(d)(1)-(6).

[7]CrR 3.3(e)(1)-(3).

[8]A pertinent part of a letter written to the Special Advisory Committee assisting the National Center for State Courts in its study of

made by Mr. Graves' attorney, while reprehensible, did not prejudice an innocent third party, nor, in toto, violate the spirit of the speedy trial rule. In this light, good cause is established for Mr. Graves' noncompliance with JCrR 6.01 (e).

Judgment of the superior court is reversed and the case is remanded for trial on the merits.

GREEN, J., concurs in the result.

MUNSON, J. (dissenting)—I have empathy for the majority's rationale, particularly in view of *Memel v. Reimer*, 85 Wn.2d 685, 538 P.2d 517 (1975); *Moore v. Burdman*, 84 Wn.2d 408, 526 P.2d 893 (1974); *Malott v. Randall*, 83 Wn.2d 259, 517 P.2d 605 (1974); *Myers v. Harris*, 82 Wn.2d 152, 509 P.2d 656 (1973); *O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969), where the Supreme Court has evidenced a tendency to waive or liberalize construction of procedural rules. That court has not seen fit, however, to take that approach to the rules applicable to appeals from district court. *State v. Sodorff*, 84 Wn.2d 888, 529 P.2d 1066 (1975); *State v. Carmody*, 75 Wn.2d 615, 452 P.2d 959 (1969).

JCrR 6.03 (b) having not been met, *i.e.*, noted for trial within 20 days after filing of the transcript, I would affirm.

Petition for rehearing denied March 22, 1976.

Appealed to Supreme Court April 1, 1976.

---

the Washington appellate court system by Malcolm L. Edwards is apropos:

[The purpose of the appellate system is] to provide living human beings who use the system with that elusive thing we call justice. It involves recognizing the humanity of each of us, that to make mistakes is part of the human condition, and that despite all of these frailties, our disputes are worthy of consideration on the merits. People have access to the courts only through lawyers. These lawyers occasionally make mistakes and, if there is any other reasonable solution, the client should not be denied a decision on the merits because of the mistake of the client's lawyer. The baby we call justice should not be thrown out with the bath water.