[No. 5162–1.  Division One.  November 28, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL
PEMBERTON, *Appellant.*

*Rosellini & Rosellini* and *John M. Rosellini,* for appellant.

*Patrick R. McMullen, Prosecuting Attorney,* and *W. H. Nielsen, Deputy,* for respondent.

PER CURIAM.—Paul Pemberton appeals from an order dismissing his appeal from District Court for failure to timely note the case for trial and for not diligently prosecuting his appeal.

On June 1, 1976, Pemberton was convicted in Skagit County District Court for driving while under the influence of intoxicating liquor. On June 9, he filed a notice of appeal, and a transcript of the District Court proceedings was certified and transmitted to the Superior Court clerk on June 16. On June 23, Pemberton requested the clerk of the Superior Court to set the case for trial, stating:

> Please take note that this case is now at issue and the Clerk is requested to note it on the trial docket to be brought on for trial at the time set by the Court.

Although Pemberton attempted to note the case for trial, local practice in Skagit County Superior Court requires a defendant to personally appear at the time the matter is placed on the assignment calendar so that the noting for trial can be completed. On August 27, 1976, Pemberton's counsel received a letter from the Skagit County Superior Court clerk advising that, although the note had been

received, no action had been taken to put it on the assignment calendar. Pemberton's counsel filed a note for trial docket on September 27, requesting a trial setting assignment for October 18, 1976. The State subsequently moved to dismiss the appeal, and on October 18, 1976, the trial court ordered that the case be dismissed, finding that the note for trial setting was insufficient, and further, that Pemberton had not otherwise diligently prosecuted his appeal.

Pemberton contends that he substantially complied with the rules for the perfection of the appeal, and that, accordingly, the order of dismissal was error. He relies upon *Goldendale v. Graves,* 14 Wn. App. 925, 929–30, 546 P.2d 462 (1976), where we held that

> the mistake made by Mr. Graves' attorney, while reprehensible, did not prejudice an innocent third party, nor, in toto, violate the spirit of the speedy trial rule. In this light, good cause is established for Mr. Graves' noncompliance with JCrR 6.01(e).

Our decision in *Goldendale v. Graves, supra,* was affirmed on other grounds in *Goldendale v. Graves,* 88 Wn.2d 417, 562 P.2d 1272 (1977). The court held that pursuant to JCrR 10.01, the Superior Court had the discretion to extend the time requirements for perfecting the appeal if the failure to act was the result of excusable neglect:

> In passing on what is excusable neglect, it is to be noted that neglect does not bar relief if "excusable." The concept of excusable neglect is not uncommon. It is found in other contexts, *e.g.,* RCW 4.32.240; CR 60(b). *See* RAP 1.2(a); *cf.* RAP 18.8. . . .
> Each case of excusable neglect must rest on its own facts. *See First Nat'l Bank v. Stilwell,* 50 Ind. App. 226, 232, 98 N.E. 151 (1912).

(Citations omitted.) *Goldendale v. Graves, supra* at 423.

The record indicates that the trial court did not consider JCrR 10.01(b), or otherwise exercise its discretion to determine whether Pemberton's failure to timely perfect the appeal was the result of excusable neglect.

Reversed and remanded.