[No. 2627–2.    Division Two.    February 8, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK H. MILLER, *Appellant.*

*Jack H. Miller,* pro se.

*C. Danny Clem, Prosecuting Attorney,* and *Patricia Schafer, Deputy,* for respondent.

SOULE, J.—Jack Miller appeals from an order dismissing his appeal of a conviction in District Court Two of Kitsap County. The record, as evidenced by the clerk's papers on file, is incomplete, but the parties are in agreement as to the sequence of events.

On June 2, 1976, the defendant was convicted of driving while under the influence of intoxicants. On June 8, 1976, he filed a notice of appeal. The district court transcript, which is not before us, was filed in superior court on June 18, 1976. The parties agree that on the transcript there is an undated notation that notice of such filing had been

mailed to the defendant and his attorney. The defendant asserts that neither he nor his attorney received the notice. For the purpose of resolving this case, we will assume that the notice was not received.

On September 30, 1976, the State moved to dismiss the appeal pursuant to JCrR 6.03(b). The motion was granted on October 11, 1976, on the ground that defendant had not diligently perfected his appeal. We note that 113 days had elapsed between the time of filing the notice of appeal and the time of filing the motion to dismiss.

The defendant assigns as error the dismissal of the appeal. His theory is that he was excused from further activity because the clerk did not give him notice of the filing of the transcript. JCrR 6.01(d) provides:

> The justice court shall give prompt notice of the filing or mailing to the respondent and appellant, giving such particulars as date of filing or mailing and superior court file number, if known. Where the justice court is not located at the county court house, such filing may be made by certified mail, in which case the justice court shall advise appellant and respondent of the date of mailing.

The rules also have a provision for the unusual circumstance in which the lower court fails to function as provided by those rules. JCrR 6.03(a) provides:

> If the lower court fails, neglects or refuses to make and certify the transcript within the time allowed, the appellant may make application to the superior court not later than twenty days after the filing of the notice of appeal and the superior court shall issue an order to make and certify the transcript.

In granting the motion to dismiss, the trial court stated:

> When the District Court fails, if they did fail here and didn't give you notice of filing—they are supposed to file the transcript within ten days of the notice of appeal. If they fail to do that, you have the right under Justice Court Criminal Rule 6.03 to make application to the Superior Court to require them to file a transcript. This must be done not later than 20 days after the filing of the notice of appeal.

. . .

So you didn't follow your remedy, legal remedy, available to you in this circumstance. As a result of that, you know, whether you didn't get notice or whether you did becomes a point that doesn't really matter much because if you didn't get notice you had an obligation to follow up and require them to certify the transcript. You didn't file your notice to get the matter set for trial within 20 days of the filing of the transcript, and it's clear to me that the appeal has to be dismissed.

In his decision the trial judge expressed his distaste for having to dispose of the case without getting to the merits, but implicit in his decision is a finding that there was no excusable neglect because defendant did not avail himself of the remedy provided by JCrR 6.03(a).

We agree with the analysis of the trial judge. The remedy of an appellant who suspects that the lower court has not functioned promptly by filing the transcript as required by JCrR 6.01(c) and (d) is to apply to the superior court for relief. This the defendant did not do. The law places upon the appealing defendant the nondelegable duty to perfect his appeal. *State v. Gregory*, 74 Wn.2d 696, 446 P.2d 191 (1968).

We are mindful of the recent case of *Goldendale v. Graves*, 88 Wn.2d 417, 562 P.2d 1272 (1977), in which it was held that under some circumstances excusable neglect may absolve the defendant from strictly complying with the rules governing such appeal. The divided court found authority in JCrR 10.01 for this position. However, the court did say:

> Each case of excusable neglect must rest on its own facts. . . .
> In the instant case, the record shows defendant's attorney in good faith made every effort to pursue this appeal in timely fashion. The very short 5–day delay in noting the case for trial resulted from pure inadvertence with no resulting prejudice in fact.

(Citations omitted.) *Goldendale v. Graves, supra* at 423.

The defendant in the case now under consideration simply did not avail himself of the remedy given him by JCrR

6.03(a), when he had reason to suspect that the lower court had not properly functioned. At that point, it was his duty to seek relief in the superior court, and had he done so, he would have discovered instantly that the transcript was timely filed. This is not inadvertence. Rather, it demonstrates ignorance of or a disregard for the duties which the defendant assumed in undertaking to perfect his own appeal. Further, a delay of over 100 days can well affect the ability of the State to effectively present its witnesses in superior court. Delay is generally the friend of the defendant in a criminal case.

We do recognize that under the holding in *Goldendale v. Graves, supra,* it is error where the trial court fails to consider the concept of excusable neglect. In the case before us, not only did the judge implicitly consider the reasonableness of the defendant's conduct, as seen in the quoted portion of his decision, but on review of the record as set forth in the verbatim report of proceedings, we feel it proper to hold, as a matter of law, that no excusable neglect was demonstrated. No attorney could hope to successfully plead "excusable neglect" on the facts before us. Defendant was not given affirmative misadvice by a public official, as in *State v. Sodorff,* 11 Wn. App. 420, 523 P.2d 210 (1974), nor was he a victim of an obscure local practice as in *State v. Pemberton,* 18 Wn. App. 772, 572 P.2d 728 (1977).

The defendant attempts to distinguish his situation from that in *State v. Gregory, supra,* on the ground that the defendant there was represented by counsel while the defendant here represents himself pro se. We do not recognize the validity of that distinction. An orderly judicial system cannot have one set of rules for cases handled by attorneys, and another set for those who wish to take the risk of representing themselves.

The order of the trial court dismissing the appeal is affirmed.

PEARSON, C.J., and REED, J., concur.

Reconsideration denied March 15, 1978.

Review denied by Supreme Court September 22, 1978.