[No. 2595–3.   Division Three.   November 2, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. LLOYD
CLINE, *Appellant*.

*Marie Moreau Donohoe,* for appellant.

*E. R. Whitmore, Jr., Prosecuting Attorney,* and *Grant A. Mueller, Deputy,* for respondent.

MUNSON, C.J.—The defendant appeals the dismissal of his district court appeal for failure to note the appeal for trial within 20 days after the district court transcript was filed in the Superior Court. We affirm.

On July 14, 1977, the defendant was convicted in district court of driving while intoxicated; at that time he filed a notice of appeal. The transcript from district court was

filed in the Superior Court and a letter of transmittal sent to defendant's counsel on July 20, 1977. On September 2, 1977, the prosecutor moved to dismiss the appeal for failure to note the case for trial within 20 days pursuant to JCrR 6.03(b). On September 8, 1977, appellant's counsel noted the case for trial; notwithstanding, the Superior Court dismissed this appeal on September 19, 1977. Defendant's counsel filed the notice of appeal to this court with the Superior Court on October 20, 1977 (31 days after the entry of dismissal—1 day after the time for filing a notice of appeal had expired[1]—RAP 5.2(a)).

Counsel's only explanation for her tardiness is set forth in her brief as follows:

The superior court file number was not stamped on the letter of transmittal . . .

. . . In the Seattle District court the clerk who files the transcripts brings the copies of notice of transmittal with her when she files the transcript and stamps the Superior court number on it. Counsel thought that the failure to put the superior court file number on the letter of transmittal was an oversight that would be corrected as she had noticed considerable confusion in the office of the Clerk of the District Court; two of the three clerks there appeared to be new hires. The matter slipped her mind until September 6 when she received a copy of the Prosecutor's motion to dismiss for failure to note the case for trial, whereupon she immediately filed a note for trial calendar. Attorneys are creatures of habit; they are inclined to believe that the procedures followed in the courts in which they practise [sic] are followed by all the courts in the state. In King County, when there has not been compliance with JCrC 603(d) [sic] the Clerk notifies the appellant's attorney that the appeal will be dismissed unless the case is noted for trial within ten days. It was not until [counsel] read *State v. Pemberton*, 18 Wn. App. 772 [filed November, 1977 by Division One] and the cases cited therein that she found out in some counties failure to note the case for trial within 20 days from the date of

---

[1]The 19th of October was not a legal holiday, a Saturday or a Sunday. *See* RAP 18.6.

notification of filing the transcript is considered a very serious matter and warrants dismissal of an appeal.

■ Although we are cognizant that the defendant's counsel resides in Seattle, and this case was tried in Chelan County, counsel's contention that her neglect is excusable is without merit. As noted in *Goldendale v. Graves,* 88 Wn.2d 417, 423, 562 P.2d 1272 (1977), "Each case of excusable neglect must rest on its own facts." Here, admittedly the matter "slipped" counsel's mind until the prosecutor moved for dismissal 43 days after the district court transcript was filed in Superior Court. There is no reason to believe that this matter would have resurfaced in counsel's mind if the prosecutor had not moved for dismissal. While language in *Goldendale* at page 424 states: "Doubts should be resolved in favor of protecting the right of appeal; we should be slow to deprive a litigant of that right"; the passage of 23 days beyond the 20 days given by rule to note this case for trial, under the present circumstances, does not fall within the ambit of excusable neglect.

The dismissal is affirmed.

McINTURFF and ROE, JJ., concur.