[No. 3030–3. Division Three. August 2, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. SHONG–CHING TONG, *Appellant.*

McINTURFF, J., dissents by separate opinion.

---

*Shong–Ching Tong,* pro se.

*Arthur R. Eggers, Prosecuting Attorney,* and *Larry B. Siegel, Deputy,* for respondent.

ROE, J.—Defendant Shong–Ching Tong appeals the dismissal of his Superior Court appeal of a district court conviction for speeding.

The pertinent facts may be summarized as follows: A citation was issued to the defendant on May 13, 1978, charging him with speeding. He was arraigned May 19, 1978, pleaded not guilty, but was found guilty, and fined $10. At that time, he gave an oral notice of appeal. An appeal bond of $100 was set and posted. Defendant filed a written notice of appeal on May 31. On that date, the district court transcript was certified to Superior Court and defendant was so notified by certified mail, return receipt requested.[1] On June 1, the transcript was filed with the Superior Court. Thereafter, the defendant took no action to set his appeal for trial. Fifty–seven days later, or on July 28, the prosecutor moved to dismiss. The motion to dismiss was heard on August 7 and a dismissal was entered.

Relying on RAP 5.4(2), the defendant contends it was the duty of the Superior Court for Walla Walla County to schedule a trial date and place, and by failing to do so the Superior Court exercised the power of pocket veto. Thus, dismissal was unreasonable. We disagree.

---

[1]Since neither party brought the district court notice before this court as part of the clerk's papers, we requested same from the district court.

■■ The instant matter is not controlled by the Rules of Appellate Procedure cited above, which are applicable only to appeals courts and not superior court. Justice Court Criminal Rules control, particularly JCrR 6.01(e), which provides:

Within 20 days after the transcript is filed, appellant shall note the case for trial and otherwise diligently prosecute the appeal.

JCrR 6.03(b) provides:

Where the cause has not been noted for trial within 20 days after filing of the transcript, the superior court clerk shall forthwith note the appeal for dismissal for want of prosecution. If, after a hearing, it is determined that appellant has not met time requirements, the cause shall be dismissed.

In *State v. Gregory,* 74 Wn.2d 696, 698, 446 P.2d 191 (1968), the dismissal of two appeals from justice court was affirmed for noncompliance with the predecessor rule, JCrR 6.03, which provided:

*If the appellant fails to proceed with the appeal within the time and manner herein provided, the superior court shall upon motion of the respondent dismiss the appeal if the transcript has been there filed, otherwise, the lower court shall do so.*

The Supreme Court further stated at page 698, quoting *Port Angeles v. Dustin,* 73 Wn.2d 712, 440 P.2d 420 (1968):

These rules are mandatory, as are the statutes from which the language was taken. The burden of complying with them is clearly upon the appellant. *Seattle v. Reed,* 6 Wn.2d 186, 107 P.2d 239 (1940); *State v. Ladiges,* 63 Wn.2d 230, 386 P.2d 416 (1963); *Orting v. Rucshner,* 66 Wn.2d 732, 404 P.2d 983 (1965); *Seattle v. Buerkman,* 67 Wn.2d 537, 408 P.2d 258 (1965).

Just last term in a case in Division Three of this court, *State v. Cline,* 21 Wn. App. 720, 586 P.2d 545 (1978), the prosecutor moved for a dismissal 43 days (as opposed to the 57 days in the instant case) after the district court transcript was filed in superior court pursuant to the above rules. Finding no excusable neglect, this court, including

the author of the dissent, followed the rule and dismissed. We are bound by these decisions.

Nothing in the record shows that the defendant diligently prosecuted the appeal. In fact, his theory on appeal demonstrates the contrary. As a result, this case is distinguishable from both *Goldendale v. Graves,* 14 Wn. App. 925, 546 P.2d 462 (1976), *aff'd on other grounds,* 88 Wn.2d 417, 562 P.2d 1272 (1977); and *State v. Berg's Economy Sales & Serv.,* 20 Wn. App. 904, 582 P.2d 912 (1978). The appellant did nothing to perfect his appeal. Certainly, since he was the moving party, he could expect that more was required from him than that. He, at least, could have inquired what action he should have taken.

Many of the problems encountered in the area of noting a district court appeal for trial could be solved if, as a matter of courtesy, the district court judge or clerk would advise appellant that it is his duty to note the matter for trial in the superior court within 20 days after the district court transcript is filed in that court. This information could easily be made part of the notice of filing that the district court is required to give appellant pursuant to JCrR 6.01(d).

There is nothing unusual in courts giving this ministerial advice. It is done by superior courts in criminal appeals, and in Department of Labor and Industries cases and other administrative hearings.

The author of the dissent apparently believes the rule requiring dismissal here is wrong. It may be; however, the Supreme Court adopted the rule, has enforced it by decisions, and only the Supreme Court can change it. We, the majority, feel constrained by the rules, as we are. So was the Superior Court; it should be affirmed when it follows the rules, even though appellate judges might possibly believe the rule to be unwise or even unjust. The intolerable alternative is each judge's subjective view of justice and appropriate rules deciding cases.

The dissenter's unhappiness with the current rule was recently reflected in the opinion in *Goldendale v. Graves,*

*supra,* in which another judge concurred as to the result only with the remaining judge dissenting, citing cases. That appeals court result was affirmed on other grounds by the Supreme Court.

According to the rules, the dismissal of the appeal must be and is affirmed.

GREEN, C.J., concurs.

McINTURFF, J. (dissenting)—What purpose is served by denying Mr. Tong his day in court because he did not know how to proceed? From the record and briefs, it is apparent Mr. Tong has brought this appeal in vindication of principle and not to avoid paying a $10 traffic fine.[2] He genuinely believes he is not guilty.

Mr. Tong pleaded not guilty in district court to a speeding charge but was convicted after a bench trial. He then filed a notice of appeal with the Superior Court and posted an appeal bond of $100. Mr. Tong was advised by the district court that the case transcript had been filed in Superior Court,[3] but he received no other communication from the prosecutor or either of the courts. Thereafter, he awaited further notice from the court regarding a trial date, but he did not know it was his responsibility to set the case

---

[2]Mr. Tong's costs to date on appeal (known to us) are: $100 appeal bond; $25 filing fee with the Court of Appeals; $21.16 expense for printing of brief; and travel expense from Garden Grove, California for oral argument before this court.

[3]The letter to Mr. Tong from district court read:
    Dear Sir:
    Please be advised that I have this date, filed a Transcript in Superior court together with the $100.00 appeal bond. All further proceedings be filed with the Superior Court Clerk.
                                        Sincerely yours,
                                        LONNA PAUL
                                        Court Administrator
The word "advised" was struck over so as to be illegible, as was the word "proceedings," thus making the content incomprehensible to Mr. Tong. It should also be noted that under JCrR 6.01(c), "the justice court shall . . . file . . . a transcript duly certified by such justice court, . . ." Mr. Tong's letter from the justice court failed to mention the transcript was "duly certified."

for trial within 20 days after the transcript was filed. JCrR 6.01(e). Can Mr. Tong be faulted for that mistake? I think not. I feel Mr. Tong's failure to note the case for trial falls within the "excusable neglect" portion of JCrR 10.01(b)(2), which provides:

> Whenever by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court, for good cause shown, may at any time in its discretion . . . (2) upon motion and notice permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect; but the court may not enlarge the period for taking an appeal as provided for in these rules.

This case typifies the problems of the private citizen in challenging a finding of guilt in the district courts. In the vast majority of cases, a citizen's only contact with our court system will be at that level. The matter in controversy—monetarily speaking—will not warrant the services and expense of an attorney. Here, the matter in controversy is $10; however, the matter of principle may be invaluable. Under these circumstances, how will the average citizen react when his case is dismissed for reasons of which he was not aware and does not and cannot understand? His experience with our court system *should* instill confidence that justice is being fairly administered, not the opposite.

When a controversy forces contact between the individual and a governmental entity, such as our court system or an administrative agency, the governmental entity, equipped with superior knowledge and resources, should be obliged to inform the individual that compliance with court– or agency–created rules is necessary for the preservation of individual rights. As the majority notes, at present, many courts and administrative agencies give this type of ministerial information as a matter of course. This practice is consistent with our duty to insure public access to the courts. A just result is a product of informed decision making by all parties. A result based upon the superior wit of the governmental entity is not just.

How is a person appearing pro se to know the intricate steps necessary to perfect an appeal to the superior court unless he is so informed by the court or at least given a copy of the court rules? Mr. Tong fully complied with all the procedures of which he was informed, *i.e.*, filing the notice of appeal and posting bond. Following receipt of the notice of filing the transcript in Superior Court, Mr. Tong, in my mind, was justified in believing he had fulfilled his responsibility as an appellant. Since Mr. Tong did not know he was to note the case for trial, the prosecuting attorney merely had to wait for more than 20 days from the filing of the transcript to successfully move to dismiss the appeal. The scales of justice were thus tipped in favor of the prosecutor and against the uninformed Mr. Tong. His lack of knowledge made him vulnerable to procedural ambush.

Hence, because Mr. Tong did all he was asked to do, and did not intentionally fail to comply with JCrR 6.01(e) (because he had no knowledge of its existence), such failure is excusable under JCrR 10.01(b)(2). As stated in *Goldendale v. Graves*, 88 Wn.2d 417, 424, 562 P.2d 1272 (1977),

> no one was prejudiced by the . . . delay in noting the case for trial. . . . under the particular circumstances here, justice requires relief.
>
> . . .
> . . . Doubts should be resolved in favor of protecting the right of appeal; we should be slow to deprive a litigant of that right.

Under our rules of appellate procedure, the power of dismissal is used sparingly. RAP 18.9(b) and (c); *cf. Millikan v. Board of Directors*, 92 Wn.2d 213, 595 P.2d 533 (1979). In place of the power of dismissal, our rules provide for monetary sanctions. Yet the majority, constrained by the rules and prior case law, the propriety of which I have questioned in my opinion in *Goldendale v. Graves*, 14 Wn. App. 925, 546 P.2d 462 (1976), and *State v. Berg's Economy Sales & Serv.*, 20 Wn. App. 904, 907, 582 P.2d 912 (1978),

concurring opinion, feels it must use the power of dismissal. This dual standard of compliance for appeals from the superior court and appeals from the district court is indefensible and in need of change.[4]

Since Mr. Tong, procedurally, is guilty of nothing more than unknowing noncompliance with a technical rule on appeal, based upon excusable neglect under JCrR 10–.01(b)(2) I would reverse the Superior Court and remand the case for trial.

Reconsideration denied August 29, 1979.

Review denied by Supreme Court November 9, 1979.

---

[4]I would suggest consideration be given to a rule change alleviating the necessity of the appealing party to note the case for trial and casting that burden upon the county clerk, who would notify the parties of the trial date.

At a minimum, consideration should be given to adoption of rules similar to RAP 18.9(b) and (c), which are an outgrowth of the philosophy underlying RAP 1.2(a)—that substance and decisions on the merits should prevail over formal, procedural rule compliance.