[No. 2741-4-III.   Division Three.   January 24, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT ARAMBUL, *Appellant.*

*Paul D. Edmondson,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *David Waterbury, Deputy,* for respondent.

GREEN, C.J.—This case presents one question: Does the failure of the justice court clerk to give a defendant notice of the filing of a transcript in superior court, as required by JCrR 6.01(d), relieve a defendant–appellant of his duty to diligently pursue the appeal in superior court? The trial court answered "No." We agree.

The facts, in diary form, are:

August 11, 1977. Defendant is found guilty in Yakima County Justice Court of driving with. expired license tabs, no driver's license and driving while the privilege to do so was suspended.

August 22, 1977. Defendant gives written notice of appeal.

August 31, 1977. The justice court clerk files a certified copy of the record in Superior Court.

October 12, 1977. Forty–three days later, the Superior Court issues a notice of dismissal for failure to note the case for trial within 20 days after the transcript was filed. JCrR 6.01(e).[1]

October 17, 1977. Defendant issues notice of setting for trial.

October 20, 1977. The Superior Court Administrator sets defendant's trial for January 17, 1978.

---

[1]JCrR 6.01(e) reads:

"Within 20 days after the transcript is filed, appellant shall note the case for trial and otherwise diligently prosecute the appeal."

January 10, 1978. The State moves for dismissal of the appeal.

January 13, 1978. The court orders defendant's case dismissed.

In opposing the motion to dismiss, defendant filed an affidavit stating he had never received notice from the justice court that the transcript had been sent to Superior Court and he did not discover that the transcript had been sent until the October 12 notice of dismissal. He relied on JCrR 6.01(d), which reads:

> The justice court shall give prompt notice of the filing or mailing [of the transcript] to the respondent and appellant, giving such particulars as date of filing or mailing and superior court file number, if known.

This court has held that the lack of notice under JCrR 6.01(d) does not excuse an appellant's failure to diligently pursue his appeal. *State v. Miller*, 19 Wn. App. 432, 576 P.2d 1300, *review denied*, 90 Wn.2d 1018 (1978).[2]

■ A consideration of JCrR 6.01(d) in the context of the other sections of the justice court rule governing appeals supports this holding. Under JCrR 6.01(c),[3] the justice court must file the transcript with the clerk of the superior court within 10 days after the notice of appeal is filed. This section put defendant on notice that the clerk presumptively would file his transcript within the 10–day period. Under JCrR 6.01(e), defendant had 20 days after the transcript was filed to note his case for trial in Superior Court. Thus, defendant had no right to wait upon notice under JCrR 6.01(d). The primary function of that rule is to advise an appellant that the 20 days has commenced running in

---

[2]In *Miller*, a notation on the transcript indicated that notice had been sent, but the defendant and his attorney denied ever receiving it. On appeal, the court did not rely on the notation, but assumed that the defendant had not received notice. Likewise, in the instant case, defendant did not receive notice.

[3]JCrR 6.01(c) states:

"After a notice of appeal is filed, the justice court shall immediately, and in no event later than 10 days thereafter, file with the clerk of the superior court in which the appeal is pending a transcript duly certified by such justice court, . . ."

cases where the clerk has filed the transcript *before* the end of the 10–day period.

Read together, these sections imposed upon defendant the implicit duty to ascertain promptly the state of the record when he did not receive notice of the filing of the transcript within 10 days of his notice of appeal. *State v. Twogood,* 14 Wn. App. 447, 449–50, 542 P.2d 793 (1975). In most cases, a simple telephone call to the court will determine whether the transcript has, in fact, been filed. If it has, then the appellant has 20 days from that point to note his case for trial. If it has not, the appellant may informally determine by telephone or in person when the transcript will be filed, or, under JCrR 6.03(a)

> [he] may make application to the superior court *not later than twenty days after the filing of the notice of appeal* and the superior court shall issue an order [directing the justice court] to make and certify the transcript.

(Italics ours.) The above italicized language of JCrR 6.03(a) which imposes a timetable for the appellant to act within is further indication of the rule makers' intent that the appellant beat the burden of pursuing his appeal.

Here, defendant took no steps to determine the state of the record, but instead, waited until he received a clerk's motion to dismiss his case before he noted the appeal for trial. This manner of proceeding did not comply with JCrR 6.01. The public interest requires diligent pursuit of appeals. Because of the volume of cases processed through the justice courts of this state, the ultimate burden of pursuing an appeal must rest upon the appellant who has already had his "day in court." He cannot be permitted to file his appeal and then shift the responsibility of proceeding further to the court. To hold otherwise would allow an administrative oversight by court personnel to indefinitely delay disposition of an appeal.

*Goldendale v. Graves,* 88 Wn.2d 417, 562 P.2d 1272 (1977), does not aid defendant. *Goldendale* held that a 5–day delay in noting a case for trial was excusable neglect

under JCrR 10.01(b).[4] There, the appellant's attorney acted promptly when he discovered that a member of his clerical staff had inadvertently filed the clerk's notice without first bringing it to his attention. Here, defendant did nothing to ascertain the state of the record. This failure to act does not constitute excusable neglect.

Affirmed.

MUNSON, J., concurs.

McINTURFF, J. (dissenting)—Once again I dissent from my brothers' condonation of formalism over finalism.[5]

The present JCrR 6.01 through 6.03 were promulgated to free the appellant from the onerous task of transporting a certified transcript from the district court to the superior court as required by the predecessor rules. The majority has now imposed an even greater burden with a greater potential for injury to the unwary appellant. While the appellant no longer has the burden of taking the district court transcript to the superior court, he must now rely on the clerk of the district court to transmit the transcript. JCrR 6.01(d).[6] If he does not receive notice, then he *must*

---

[4]JCrR 10.01(b) provides:

"Whenever . . . an act is required or allowed to be done at or within a specified time, the court, . . . may at any time in its discretion: . . . (2) upon motion and notice permit the act to be done after the expiration of the specified period where the failure to act was the result of *excusable* neglect; . . ." (Italics ours.)

[5]Finalism—a belief in something that is the end or purpose of a process. Used in Aristotelianism. *Webster's Third New International Dictionary* (1969).

*See also State v. Shong–Ching Tong,* 23 Wn. App. 886, 890, 598 P.2d 1384 (1979) (McInturff, J., dissenting); *State v. Berg's Economy Sales & Serv.,* 20 Wn. App. 904, 907, 582 P.2d 912 (1978) (McInturff, J., concurring); *Goldendale v. Graves,* 14 Wn. App. 925, 546 P.2d 462 (1976), *aff'd on different grounds,* 88 Wn.2d 417, 562 P.2d 1272 (1977).

[6]JCrR 6.01(d):

"The justice court *shall* give prompt notice of the filing or mailing to the respondent and appellant, giving such particulars as date of filing or mailing and superior court file number, if known. Where the justice court is not located at the county court house, such filing may be made by certified mail, in which case the

use *permissive* motion practice in the superior court to compel the district court to do that which it should, JCrR 6.03(a),[7] or, according to the majority, lose his right to appeal. If the reasoning of the majority is allowed to prevail, it will convert the permissive motion practice under JCrR 6.03(a) into a mandatory motion practice.

This case illustrates that JCrR 6.01(d) and JCrR 6.03(a) are, at a minimum, ambiguous—an important factor to consider in determining whether there is excusable neglect under JCrR 10.01(b)[8] *See Goldendale v. Graves,* 14 Wn. App. 925, 546 P.2d 462 (1976), *aff'd on different grounds,* 88 Wn.2d 417, 562 P.2d 1272 (1977).

The facts are simple—the clerk of the Toppenish District Court failed to perform a mandatory duty under JCrR 6.01(d)—"[t]he justice court *shall* give prompt notice of the filing [of the transcript in superior court] to the respondent and the appellant". (Italics mine.) This omission lulled the appellant's attorney into nonactivity. Is this a proper basis for denying an appeal from district court?

The majority's reliance upon *State v. Miller,* 19 Wn. App. 432, 576 P.2d 1300, *review denied,* 90 Wn.2d 1018 (1978), and *State v. Twogood,* 14 Wn. App. 447, 542 P.2d 793 (1975), is misplaced. Both cases are distinguishable.

---

justice court shall advise appellant and respondent of the date of mailing." (Italics mine.)

[7]JCrR 6.03(a):
"If the lower court fails, neglects or refuses to make and certify the transcript within the time allowed, the appellant *may* make application to the superior court not later than twenty days after the filing of the notice of appeal and the superior court shall issue an order to make and certify the transcript." (Italics mine.)

[8]JCrR 10.01(b):
"Whenever by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court, for good cause shown, may at any time in its discretion: (1) with or without motion or notice order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (2) upon motion and notice permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect . . ."

In *State v. Miller, supra,* there was an undated notation on the transcript indicating that notice of filing had been sent to the defendant and his attorney. The defendant contended that neither he nor his attorney received the notice. In the instant case, it is undisputed that notice of filing the transcript was never given. In *State v. Twogood, supra,* the justice court clerk notified the defendant's attorney by letter "this [notice of appeal] will be filed with the county clerk within the 10 day limit." Here, there was no notice to the defendant or his attorney that the transcript had been filed as required by JCrR 6.01(d).

The majority states, "The primary function of [JCrR 6.01(d)] is to advise an appellant that the 20 days has commenced running in cases where the clerk has filed the transcript *before* the end of the 10–day period." I disagree. JCrR 6.01(d) marks a complete departure from the predecessor rule which charged the appellant with the responsibility of filing the transcript with the clerk of the superior court.[9] The present rule (6.01(d)) was created because of inherent problems encountered by appellants in serving a copy of the written notice of appeal on the respondent, etc., and taking the transcript from justice court to superior court.[10] This rule limits the appellant's responsibility on

---

[9]JCrR 6.01 effective July 1, 1963, amended December 23, 1968, read: "The appeal shall be taken by serving a copy of a written notice of appeal upon the attorney for the party in whose favor judgment was entered and by filing the original thereof with acknowledgment or affidavit of service thereof with the court in which the case was tried within 10 days after entry of judgment. If a motion for a new trial or for the arrest of judgment has been timely made, such notice and proof of service may be filed within 10 days after entry of the order denying the motion.

"*After notice of appeal is given as herein required, appellant shall diligently prosecute his appeal, and within 30 days from the day of entry of judgment, shall file with the clerk of the superior court a transcript* duly certified by such judge, furnished by such judge without charge, and containing a copy of all written pleadings and docket entries of the lower court. Within 10 days after the transcript is filed, appellant shall note the case for trial." (Italics mine.)

[10]*State v. Gregory,* 74 Wn.2d 696, 698, 446 P.2d 191 (1968); *State v. Carmody,* 75 Wn.2d 615, 617, 452 P.2d 959 (1969); *State v. Sodorff,* 84 Wn.2d 888, 890, 529 P.2d 1066 (1975).

appeal to filing a notice of appeal and noting it for trial within 20 days *after* receiving notice from the justice court that the transcript has been filed in superior court. Thus, under the old rule, the appellant knew when the transcript had been filed because the appellant personally had the duty of filing the transcript.

JCrR 6.01(d) states: "The justice court *shall* give prompt notice of the filing . . ." (Italics mine.) Under a separate section of the Justice Court Criminal Rules, 6.03(a), if the lower court fails to certify the transcript within the time allowed, the appellant *may* make application to the superior court not later than 20 days after the filing of the notice of appeal and the superior court shall issue an order to make and certify the transcript.

I find it rational and reasonable for a busy lawyer to have read JCrR 6.01(d) and assumed, without adverting to the legal rationalization of the majority, that he could safely await the notice from the justice court that the transcript had been filed. Although not strictly a defense, the defendant's attorney, through his experience with the Yakima District Court, had been accustomed to receiving notice that the transcript had been filed, by certified mail, return receipt requested. *See State v. Pemberton*, 18 Wn. App. 772, 572 P.2d 728 (1977). There was no showing of intentional noncompliance with JCrR 6.03(a). Defense counsel, in good faith, assumed the court would comply with the mandatory provisions of JCrR 6.01(d).

Under the instant facts, I would find excusable neglect under JCrR 10.01(b)(2) for the delay in noting this case for trial.

I conclude with the words of our Supreme Court in *Goldendale v. Graves* at 88 Wn.2d 424: "Doubts should be resolved in favor of protecting the right of appeal; we should be slow to deprive a litigant of that right."